[No. 10877. *En Banc.* January 4, 1913.]

THE STATE OF WASHINGTON, *on the Relation of Jennie Sargent, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Everett Smith, Judge, Respondent.*[1]

APPEAL—BONDS—SUPERSEDEAS—IN AID OF EXECUTION—AMOUNT—CONTEMPT. Under statutes giving ample power to the court to enforce its judgments by execution against the person and to order commitment until full performance of the judgment, a court having directed the deposit in court of a stock certificate valued at $70,000, and upon appeal from such order, having fixed the supersedeas bond in double the value of the property, may attach the person of the defendant for contempt upon failure to deposit the stock or give the bond; and upon appeal from an order of commitment for contempt, may fix the supersedeas bond in the sum of $70,000; since such bond is more than a mere supersedeas of punishment for contempt but is in aid of execution, and has the same effect as the first supersedeas.

Certiorari to review an order of the superior court for King county, Everett Smith, J., entered November 18, 1912, fixing the amount of a supersedeas bond. Affirmed.

*O. C. McGilvra* and *F. M. Farmer,* for relator.

*M. H. Van Nuys,* for respondent.

MORRIS, J.—Relatrix has sued out a writ of certiorari, to review the order of the court below in fixing the amount of a supersedeas bond, on appeal from an order adjudging relatrix to be in contempt of court, for disobedience of an order commanding her to deposit a certain certificate of stock with the clerk of the lower court, and ordering her commitment until the order of delivery is complied with

The pertinent facts are these: In an action to determine the title and right of possession of 200,000 shares of stock of the Lost River Tin Mining Company, the lower court determined the title and right of possession as against the relatrix, and as a part of its judgment ordered relatrix to forthwith surrender the certificate representing the stock and

[1]Reported in 128 Pac. 1077.

deposit it with the clerk of the superior court. From this judgment, relatrix appealed, and the court upon her motion fixed the amount of a supersedeas bond in the sum of $140,-000, having held the value of the stock to be $70,000. The judgment not being complied with, the court issued a show-cause order at the request of the successful party, requiring relatrix to appear and show cause why she should not be punished as for a contempt for her failure to comply with the order, directing the deposit of the certificate. Such proceedings were had upon the return of this order that the court issued its warrant to the sheriff of King county, commanding him to attach the person of relatrix, and detain her in the county jail, until she complied with the order directing the deposit of the certificate, or executed her supersedeas bond on her original appeal. From this order relatrix took an appeal, and upon her request to fix the amount of a supersedeas bond, an order was entered fixing such amount at $70,000, which is the order we are called upon to review. Relatrix here contends that this order is prohibitive and grossly excessive, and all that the court was required to do was to fix such an amount as would insure relatrix submission to the order of attachment in the contempt proceedings, should the same be affirmed by this court. If the supersedeas bond was in the nature of bail, as relatrix contends, her contention would have to be sustained, as it would require no argument to convince us that a $70,000 bond simply to insure her submission to attachment in the contempt proceedings would be grossly prohibitive. That it is more than such an order, and is in effect a supersedeas bond upon the appeal from the original judgment, appears to us upon examination of the proceedings. Upon this writ, the power of the court to enter such an order is not questioned; it hardly could be in view of our statutes conferring such authority. Section 1049, Rem. & Bal. Code, provides, among other acts defined as contempts, the following: "(5) disobedience of any lawful judgment, decree, order, or process of the court." Section 52 (4) gives the court

power "to compel obedience to its judgments." Section 53, for the effectual exercise of the powers specified in the last section, authorizes punishment for contempt. Section 57 confers upon every judicial officer power to compel obedience to its lawful orders. Section 58 confers power to punish for contempt in the exercise of judicial powers. Section 746, provides that, whenever a court shall have ordered the deposit or delivery of money or other thing, and the order is disobeyed, the court may punish disobedience as contempt. Section 512, provides that, when a judgment requires the delivery of property, the same may be enforced by execution, and the court may punish for contempt any person who refuses to obey the same. Section 513 (3) provides that this execution may be against the person of the judgment debtor, and that it shall require his commitment to jail, and (4) when it is to enforce obedience to any special order, it shall command what is required to be done. Section 516 provides that, if the action be one in which the defendant may be arrested, an execution against the person may issue. Section 1059 provides for imprisonment, until the order shall be performed when the contempt consists in the omission or refusal to perform.

These powers confer ample authority upon the court to enforce its judgment in such a case as the one before us by execution against the person, and to order commitment, until the defendant shall have fully performed that which the order of the court has directed to be done. Nothing else has been done in this case. When, therefore, relatrix appealed from the order of commitment she did something more than merely delay her submission to arrest in case of an affirmance here; she in effect superseded the judgment, by tying the hands of the lower court and effectually preventing it from enforcing its judgment by execution. Relatrix failed to give the supersedeas bond on the appeal from the original judgment. That bond was fixed, as is customary, at double the value of the property involved, or $140,000. The superse-

deas from the contempt judgment has the same effect as the original supersedeas, so that, by her refusal to give the first supersedeas bond, and subjecting herself to commitment for refusal to obey the order of the court, she has reduced the supersedeas bond from $140,000 to $70,000, and if she is successful upon this application, she would still further reduce it to whatever sum we should fix as the proper amount. Suppose, as relatrix here contends, we would .fix her supersedeas bond on her appeal in the contempt proceedings in a sum not to exceed $1,500, the effect would be that she retains possession of the disputed stock until the final judgment in this court upon her original appeal, by giving a bond in the sum of $1,500. In other words, she has superseded a $70,000 judgment with a $1,500 bond. Relatrix, if so disposed, could well afford, in order to retain the stock valued at $70,000, and remove it effectually from the jurisdiction of the court, to forfeit a bond in the sum of $1,500. The court ought not to tempt her to do such a discreditable act by making it possible. The act of the lower court here questioned is an act in aid of execution, and not a mere punishment for contempt for which a small fine or a few months' imprisonment would suffice. If it were the latter, we would agree with relatrix that the amount of her supersedeas bond was so grossly prohibitive as to make it an absurdity. It is, however, not such a bond as she contends, nor is the amount in which it shall be fixed to be determined by anything other than its true relation, and that is, a supersedeas bond upon the original judgment. It unquestionably has such an effect and serves such a purpose, and if the relatrix could escape the giving of a bond fixed at $140,000 by giving one in the sum of $1,500 or less, she would be in a position to destroy the value of any ultimate judgment against her, which, needless to say, is not the purpose of supersedeas bonds.

The order is affirmed.

MOUNT, C. J., PARKER, CROW, ELLIS, GOSE, and MAIN, JJ., concur.