[No. 11039.    Department Two.    February 28, 1914.]

THE STATE OF WASHINGTON, *on the Relation of Thomas H. Gourley, Executor, etc., Respondent,* v. SADIE E. SMITH *et al., Appellants.*[1]

VENUE—CHANGE—BIAS OF JUDGE. In civil contempt to enforce a mandate contained in the judgment, in an action in which the defendant had already appeared as a party, the defendant is not entitled to a change of venue on the ground of the bias of the judge, under 3 Rem. & Bal. Code, § 209-1, since the contempt proceeding was only ancillary to the original action, and the demand for a change of judges was not made on the first appearance and was not seasonable.

Appeal from a judgment of the superior court for King county, Smith, J., entered October 30, 1912, upon a trial and conviction of contempt. Affirmed.

*O. C. McGilvra* and *E. M. Farmer,* for appellants.

*J. L. Corrigan* and *M. H. Van Nuys* (*Morton T. Hunter,* of counsel), for respondent.

CROW, C. J.—This is a contempt proceeding ancillary to the action of *Gourley v. Smith, ante* p. 286, 139 Pac. 58, in which we have this day filed an opinion, and to which reference is hereby made. In that action, the defendant Jennie Sargent was ordered to deposit a certificate for 200,000 shares of capital stock of the Lost River Tin Mining Company with the clerk of the superior court of King county. This, upon demand, she refused to do. Thereupon, she was cited to appear before the trial judge and show cause why she should not be punished for contempt. Later she was adjudged in contempt, and appealed to this court. The trial court fixed a supersedeas in the contempt proceeding at $70,000, and the defendant thereupon applied to this court for a writ of certiorari to review the order fixing the amount of the supersedeas bond. We affirmed the order in an opin-

[1]Reported in 139 Pac. 60.

ion reported in *State ex rel. Sargent v. Superior Court*, 71 Wash. 495, 128 Pac. 1077, where a full statement of the contempt proceedings may be found.

Immediately upon being cited to appear and answer the charge of contempt, and before further proceedings were had, appellant filed a motion supported by affidavit, under chapter 121, Laws of 1911, page 617 (3 Rem. & Bal. Code, § 209-1), requesting a change of judges for the reason that the judge who entered the original judgment, and before whom she had been cited to appear, was prejudiced. This motion was denied, and appellant now contends that the trial court erred in refusing her a change of judges. We have repeatedly held that an application for a change of judges must be seasonably made. In the recent cast of *State ex rel. Russell v. Superior Court*, 77 Wash. 631, 138 Pac. 291, we held, under the statute above cited, that the relator was entitled to a change of judges in a contempt proceeding. There the relator was charged with a criminal contempt, predicated upon acts done without the presence of the court. It appeared that no action was then pending before the court to which relator was a party. In other words, the contempt proceeding was an original proceeding in which the relator's first appearance was made after the citation was served upon him. In this case, the appellant is charged with a civil contempt for refusing to deposit the stock certificate with the clerk of the superior court, in compliance with the order contained in the final judgment. This proceeding may be regarded as ancillary or supplemental to the original action in which judgment had been rendered against appellant. It was in the nature of a civil process, issued by the court to enforce obedience to the mandate contained in its judgment and secure the delivery of the stock to the clerk of the superior court. In other words, it was in the nature of an execution issued in an action to which appellant was already a party. *State ex rel. Sargent v. Superior Court, supra.* Her appearance in the contempt proceeding was not her first ap-

pearance before the trial judge. Having theretofore appeared, and having submitted herself to the jurisdiction of the court upon the trial of the principal action, she was not entitled to a change of judges on the ground of prejudice.

By a further assignment, appellant again presents the identical question interposed on her appeal in the original action, whereby she insists that the trial court was without jurisdiction of the subject-matter of the action, and that the original judgment is void. This contention has been determined adversely to appellant's contention on the appeal of the principal case.

The record shows that the appellant failed to comply with the order of the court. No showing was made to the effect that she did not have possession of the stock, or that she was unable to comply with the order. She simply refused to do so. Having persisted in her refusal, she was in contempt of court.

The judgment is affirmed.

FULLERTON, MAIN, MORRIS, and ELLIS, JJ., concur.