(No. 5437. Decided September 5, 1905.)

JOHN O'TOOLE, *Respondent,* v. PHOENIX INSURANCE COMPANY OF HARTFORD, CONN., *Appellant.*[1]

NEW TRIAL—INADVERTENCE AND SURPRISE—AFFIDAVIT OF MERITS AFTER ISSUE JOINED. Upon a motion for a new trial on account of inadvertence and surprise, after issue of fact joined, it is not important that the application does not show a meritorious defense, where both parties considered a trial necessary, and the denials of the complaint required a trial irrespective of the affirmative defenses.

JUDGMENT—VACATION—INADVERTENCE AND SURPRISE—MISTAKE IN NOTIFYING COUNSEL OF DATE OF TRIAL AS AGREED UPON—EXCUSABLE NEGLECT—ABUSE OF DISCRETION. It is an abuse of discretion to refuse to grant a new trial on the ground of inadvertence and surprise, where the defendant's failure to appear at the time the cause was

1Reported in 82 Pac. 175.

set for trial was due to an excusable misunderstanding between counsel, arising in their correspondence, plaintiff's counsel having agreed to give notice of the time, and having sent a telegram to the wrong place, which was not delivered, instead of writing as they stated they had, and defendant's counsel having held himself and a witness in readiness awaiting such notice; a liberal rule applying in furtherance of justice when the showing is not manifestly insufficient.

SAME—IMPOSITION OF TERMS. Upon granting a new trial for inadvertence or surprise not due to the fault of the adverse party, the terms imposed should be the payment of the adverse party's costs.

Appeal from an order of the superior court for Thurston county, Linn, J., entered July 14, 1904, refusing a new trial, after a judgment entered upon the verdict of a jury, upon the failure of defendant to appear. Reversed.

*H. T. Granger,* for appellant.

*Israel & Mackay* and *Troy & Falknor,* for respondent.

CROW, J.—This appeal is prosecuted to reverse the action of the superior court of Thurston county, in refusing to vacate and set aside a judgment entered upon the verdict of a jury, after trial had in the absence of appellant and its counsel. The grounds upon which relief was sought, were mistake, inadvertence, and surprise.

The record shows the following facts, which are undisputed, and which are urged by appellant in support of its motion: This action was instituted by respondent, John O'Toole, against the Phoenix Insurance Company of Hartford, Connecticut, appellant, upon certain fire insurance policies, to recover for losses sustained. The issues of fact being fully formed, the case was set down for trial on June 16, 1904. On June 6th, in a conversation with H. T. Granger, sole attorney for appellant, Mr. Israel, of Israel & Mackay, residing in Olympia and counsel for respondent, stated that Mr. Granger, who resided in Seattle, need not come to Olympia to attend the trial until he re-

ceived word from Mr. Israel, who would telephone him in ample time to enable him to be present. Mr. Granger at said time had a case set for trial in Spokane for June 9th. The Spokane case being postponed until June 13th, Mr. Granger on June 12th telephoned to Mr. Israel at Olympia that he had a trial at Spokane commencing June 13th, that he was uncertain as to how long it would continue, but that as soon as it was completed, he would go to Olympia to try this action. The Spokane trial was finished on June 15th, and on that date Mr. Granger telegraphed Messrs. Israel & Mackay from Spokane as follows:

"Spokane, Wash., June 15, 1904.
"Israel & Mackay, Olympia Wash.: Can leave here to-night. What is situation? Answer care of Hotel Victoria. H. T. Granger."

Mr. Israel being absent from his office, his partner, Mr. Mackay, immediately replied by wire as follows:

"Olympia, Wash., June 15, 1904.
"H. T. Granger, Hotel Victoria, Spokane, Wash.: Impossible to reach your case this week. Have written. Israel & Mackay."

Israel & Mackay did not write, but instead, wired again as hereinafter stated. On the morning of June 16th, Mr. Israel called the court's attention to this case, the trial being delayed by reason of the congested condition of the calendar, and a resetting was definitely made for June 21st. Thereupon, instead of writing, Israel & Mackay wired Mr. Granger at Spokane as follows:

"Olympia, Wash., June 16, 1904.
"H. T. Granger, Hotel Victoria, Spokane, Wash.: O'Toole case assigned for next Tuesday morning, 21st instant. Israel & Mackay."

Mr. Granger having left Spokane, this telegram did not reach him until after judgment had been entered herein. He had returned to Seattle, where, on Thursday, Friday, and Saturday, the 16th, 17th, and 18th of June, he held

himself and a witness in constant readiness to go at once to Olympia on receiving word from Mr. Israel. Having ordered his mail forwarded from Spokane, he also expected the letter mentioned in the Israel & Mackay telegram of the 15th. On Monday morning, June 20th, having received no word either by letter or telephone, he caused his clerk to mail at Seattle, the following letter in time for the same to reach Olympia that day:

"June 20, 1904.

"Messrs. Israel & Mackay, Olympia, Wash.

"Gentlemen: Your telegram was received by me at Spokane last Wednesday saying you had written. I have received no letter, therefore suppose you have been busy trying other cases. I wish you would wire me tomorrow at my expense what the probabilities are about reaching our case. I have been holding myself in readiness to come at any time in response to a notice from you ever since last Thursday. Yours truly, H. T. Granger."

This letter, which was mailed in a return envelope, is not shown to have ever reached respondent's attorneys, who deny having received it, while Mr. Granger says it has never been returned to him. On Tuesday morning, June 21st, the case was called for trial, but appellant and its counsel being absent, was continued until 2:00 p. m., at which time it was again called; and, no one appearing on behalf of appellant, a jury was empaneled, and a verdict rendered for respondent for $2,800, the full amount claimed by him, and on said verdict the judgment complained of was entered. Mr. Granger, having received no word by letter or otherwise, called Israel & Mackay by telephone, on the morning of June 22nd, and was then advised of the trial, verdict, and judgment. He immediately filed appellant's motion, supported by affidavits, to set aside said judgment. Controverting affidavits were filed, but the above facts seem to be undisputed.

Some question is raised in the briefs as to whether appellant's answer states a meritorious defense to the com-

plaint. Both parties having regarded the issues of fact as of sufficient importance to necessitate a trial, and respondent having actually conducted a jury trial thereon in the absence of appellant, we will not pass on the sufficiency of the answer further than to state that the denials of the allegations of the complaint would prevent a recovery by respondent without the introduction of evidence by him. It is therefore unnecessary for us to discuss appellant's affirmative defenses. *Titus v. Larsen,* 18 Wash. 145, 51 Pac. 351.

In *Hull v. Vining,* 17 Wash. 352, 49 Pac. 537, this court in discussing the showing made in support of an application to vacate a judgment said:

"The rule in cases of this character seems to be, and of right ought to be, that 'where there is a showing, not manifestly insufficient, the court should be liberal in the exercise of its discretion in furtherance of justice.' "

Under the facts shown, as above stated, we think the judgment should have been vacated, and that the refusal of the trial court to vacate the same was such an abuse of discretion as to constitute prejudicial error. Appellant's attorney was holding himself in constant readiness to appear in Olympia and try the case. He almost momentarily expected to hear from respondent's attorney either by letter or wire in ample time to do so. Respondent's attorneys, however, having on June 16th, as they supposed, advised Mr. Granger by wire, sent to Spokane, that the trial would occur on the 21st, naturally concluded that he knew the situation, and did not communicate with him further. They, doubtless, understood from this telegram of the 15th that he would await instructions in Spokane, and wired him there after his departure. On the other hand, by his wire of the 15th, "Can leave here tonight," he doubtless meant to convey the idea that he would leave that night either for Olympia or Seattle, as the situation demanded. An honest mistake was doubtless made by each of the

parties, and if by reason thereof appellant's attorney was guilty of any negligence, the facts shown convince us such negligence was not inexcusable, but was simply the result of mistake or inadvertence. Under these circumstances, appellant should not be deprived of its right to a vacation of the judgment. Respondent not appearing to have been in fault by reason of any acts of himself or his attorneys, should not be required to submit to a new trial without the imposition of terms. Finding this judgment to have been entered as the result of mistake, inadvertence, and excusable neglect on the part of appellant, we think it should be vacated only upon payment of costs.

It is ordered that the judgment of the honorable superior court be reversed, and the cause remanded, with instructions to set aside the judgment and grant a new trial, on condition that appellant shall, within ten days after the filing of the remittitur, pay to the clerk of the superior court, for said respondent, the sum of $200.80, the costs taxed in said judgment. Under authority of Bal. Code, § 6528, it is further ordered that the costs of this appeal abide the result of this action.

MOUNT, C. J., RUDKIN, HADLEY, and ROOT, JJ., concur.

FULLERTON and DUNBAR, JJ., dissent.