[No. 6370. Decided December 14, 1906.]

JOHN SEATON, *Respondent*, v. A. E. COOK, *Appellant*.[1]

VENUE—JURISDICTION AFTER MOTION FOR CHANGE—WAIVER. Objection to the jurisdiction of the court, after its refusal to grant a change of venue to the county of defendant's residence, is waived by a general appearance asking leave to file a demurrer, also by motion to vacate a default judgment, and also by a motion for a new trial on the ground of accident and surprise.

NEW TRIAL—CONDITIONS—DISCRETION. It is not an abuse of discretion to impose costs upon granting defendant a new trial for accident or surprise whereby he failed to appear at the trial, where the court had once before vacated a default judgment at his instance; and such action cannot be reviewed except for abuse of discretion.

Appeal by defendant from an order of the superior court for Jefferson county, Hatch J., entered February 15, 1906, granting his motion for a new trial and vacating a judgment on condition of the payment of costs. Affirmed.

*Allen, Allen & Stratton* and *Coleman & Ballinger*, for appellant.

*A. W. Buddress*, for respondent.

HADLEY, J.—This action was brought in Jefferson county, to recover for the use of a scow, and for damages occasioned by the manner of using it. The defendant was personally served with a copy of the summons and complaint at his place of business in Jefferson county. Within twenty days after such service, he served and filed a motion for a change of venue from Jefferson county to King county, accompanied by an affidavit, called an "affidavit of merits," which recited that the defendant was a resident of King county. No answer, demurrer or other pleading was filed at the time or within the twenty days. Some days after the expiration of the twenty days, the plaintiff moved for a default judgment, which was granted. Thereafter, the defendant moved

[1]Reported in 87 Pac. 914.

for the vacation of the default judgment, stating, among other grounds, that the judgment was entered as the result of mistake and inadvertence, and affidavits in support of the motion stated that the defendant had, by oversight, failed to file a demurrer to the complaint when the motion for change of venue was filed. A demurrer was submitted and filed with the motion, and the court granted the motion to vacate the default judgment. The demurrer was noted for hearing, and the court struck it as frivolous. Answer was then filed, to which plaintiff replied, and the cause was then noted by plaintiff for trial. The defendant objected to the jurisdiction of the court, but was overruled, and the cause was again assigned for trial at a later date. No one appeared at the trial for the defendant, and judgment was given for the plaintiff. Thereafter the defendant moved for a new trial, on the ground of accident and surprise which ordinary prudence could not have guarded against, and whereby the defendant was prevented from appearing at the trial in person or by counsel. Affidavits were submitted with reference to an alleged misunderstanding about the assignment of the cause for trial. The motion for new trial was granted, and the judgment vacated, conditioned upon the payment by defendant to plaintiff of the sum of $35 costs within ten days. The defendant refused to comply with the terms of the order, and has appealed therefrom.

The first three assignments of error are, (1) that the court erred in striking the demurrer to the complaint; (2) in refusing to direct a change of venue; (3) in hearing the cause, or in making any order therein, after the motion for change of venue was filed, other than to set aside the order of default and judgment. Appellant says the above assignments present but one question, viz., whether the court, upon the facts presented by the motion for change of venue, could entertain any further jurisdiction than to order a change of venue. We have seen that appellant filed no answer or

demurrer at the time he filed his motion for change of venue.
The statute upon the subject is as follows:

"If the county in which the action is commenced is not
the proper county for the trial thereof, the action may, not-
withstanding, be tried therein, unless the defendant, at the
time he appears and demurs or answers, files an affidavit of
merits, and demands that the trial be had in the proper
county." Bal. Code, § 4856 (P. C. § 312).

Appellant contends that it was sufficient to file with the
motion an affidavit of merits without the demurrer or an-
swer, and that the court had no further jurisdiction there-
after except to grant the change of venue. Whether the
affidavit of merits accompanied by a demurrer or answer was
sufficient under the statute to wrest from the court all juris-
diction except to grant the change of venue, we need not now
decide, for the reason that appellant afterwards invoked the
jurisdiction of the court to permit him to file the demurrer,
on the ground that it had been omitted by oversight at the
time the motion for change of venue was filed. The juris-
diction of the court was also invoked to set aside the default
judgment. This was all done under a general and not a
special appearance, and appellant unconditionally thereby sub-
mitted himself to the jurisdiction of the court. If the action
of the court theretofore taken was without jurisdiction, the
general appearance and demand for affirmative relief waived
the jurisdictional objection. *Sayward v. Carlson,* 1 Wash.
29, 23 Pac. 830; *Teater v. King,* 35 Wash. 138, 76 Pac. 688;
*Larsen v. Allan Line Steamship Co.,* 37 Wash. 555, 80 Pac.
181; *Gaffner v. Johnson,* 39 Wash. 437, 81 Pac. 859.

Again, after the second judgment was entered, appellant
also moved to vacate that judgment without in any manner
limiting his appearance. We think appellant has waived the
jurisdictional objection, and has fully submitted himself to
the jurisdiction of the court. "The right to have a cause
tried in a particular county is one which a party may waive

either expressly or by implication." *Hearne v. De Young*, 111 Cal. 373, 43 Pac. 1108. Appellant assumes inconsistent positions. He first sought the aid of the court to relieve him from the default, and afterwards from the second judgment by way of a new trial. He cannot now be heard to challenge the very jurisdiction he has invoked.

"Even if the objection has been taken in time, the defendant may by his own acts deprive himself of the benefit thereof, it being sometimes stated that a party who invokes the jurisdiction of a court is not thereafter in a position to question the jurisdiction." 12 Ency. Plead. & Prac. 185.

It is further urged that the court erred in not granting a new trial without the imposition of terms. The first default was vacated upon appellant's application, and leave was granted to file a demurrer, relief which appellant sought on the ground of mistake and inadvertence. This relief was granted without the imposition of any terms in the way of payment of costs or otherwise. Relief from the second judgment was asked on the ground of accident and surprise which ordinary prudence could not have guarded against, and it was within the discretion of the trial court, under all the circumstances, to impose terms as a condition of granting relief from a second judgment in the action. We find that there was no abuse of discretion, and in such cases the action of the trial court will not be reversed unless there is manifest abuse of discretion. 14 Ency. Plead. & Prac. 724. The action of the court is sustained by the rule followed in *O'Toole v. Phoenix Ins. Co.*, 39 Wash. 688, 82 Pac. 175.

The judgment is therefore affirmed.

MOUNT, C. J., RUDKIN, FULLERTON, and CROW, JJ., concur.

DUNBAR and ROOT, JJ., took no part.