[No. 14541. Department One. January 12, 1918.]

*In the Matter of the Estate of* AGNES GEISSLER.[1]

PROHIBITION—TO COURTS—RETURN—CONCLUSIVENESS. In an application to the supreme court for a writ of prohibition to prevent the insertion of certain matters in the statement of facts, the judge's statement as to what occurred at the time of taking exceptions is controlling, where the witnesses are equally divided and reputable.

SAME—TO COURTS—REMEDY AT LAW. Prohibition does not lie to prevent the insertion in a statement of facts of a recital that an apparently regular entry on the record was inadvertently made, since its effect can best be considered upon the hearing on the merits and there is no occasion to resort to prohibition.

COURTS—RECORDS—METHOD OF CORRECTION. It is irregular to correct findings for supposed inadvertence by indorsing matter on the findings and conclusions after they had been signed and become a part of the files in the possession of the clerk, without notice to the opposite party; but the same should be done by formal order upon notice.

[1]Reported in 169 Pac. 822.

Application filed in the supreme court November 24, 1917, for a writ of prohibition to the superior court for Adams county, Truax, J., to prohibit the amendment of a proposed statement of facts. Denied.

*W. M. Nevins* and *Merritt, Lantry & Merritt*, for appellant.

*Zent & Powell*, for respondent.

FULLERTON, J.—Agnes Geissler died, leaving a considerable estate and a purported will devising the same. The will was admitted to probate, and, in due time thereafter, one of the heirs at law of the decedent instituted proceedings in contest of the will, based on the grounds of incompetency of the maker, undue influence, and other frauds upon the part of the principal beneficiary thereunder. Issues were framed in the proceedings and a trial had before a jury, which found in favor of the contestant on all of such issues. On the return of the verdict, the court announced that it would adopt the findings of the jury and make findings of its own of the same purport, and directed counsel for the contestant to prepare the proper entries. Counsel thereupon prepared formal findings of fact, conclusions of law, and a decree in accordance therewith, and these were later presented to, and signed by, the presiding judge in the presence of the opposing counsel and the guardian *ad litem* appointed to represent a minor heir of the estate. The entries were filed with the clerk of the court on September 25, 1917. On October 16, 1917, counsel for the contestee appeared before the judge at his chambers, called attention to the fact that no exceptions to the findings of fact or conclusions of law had been noted thereon, and requested the judge to note exceptions to findings of fact 1, 2, 3, and 4, and conclusions of law 1 and 2, as numbered. This the judge did, in the absence of the contestant and her counsel and in the absence of the guardian

*ad litem,* writing below his signature to the conclusions of law as filed, the words and figures:

"Contestees excepted to findings of fact 1, 2, 3, and 4 and to conclusions of law 1 and 2, and the same are allowed.
                                John Truax, Judge."

Later on, counsel for the contestant, learning of the entry so made, appeared before the judge and claimed that counsel for the contestee, while he had stated, at the time the findings, conclusions and decree were signed, that he desired an exception, did not then specify the particular parts of the record to which he excepted. This claim was in accordance with the recollection of the judge, whereupon he made and filed with the records in the cause the following certificate:

"I, John Truax, judge of the superior court of Adams county, Washington, and the judge who tried the above entitled matter involving the validity of the alleged last will and testament of Agnes Geissler, deceased, do hereby

"Certify that, on September 24, 1917, when the findings of fact and conclusions of law therein were signed by me, J. W. Merritt, of counsel for the respondents, was present in court, and at that time stated that respondents excepted, without specifying the order or parts of order or the findings of fact or the part thereof, as made by the court, to which he excepted; that thereafter and on October 11th, 1917, the said J. W. Merritt appeared before me in the absence of counsel for contestant and requested me to note contestee's exceptions to the findings of fact and conclusions of law made and signed by me on September 24, 1917, and filed September 25, 1917; and thereupon I wrote on the bottom of the findings of fact and conclusions of law, which had been signed and filed as aforesaid, the following:

" 'Contestees excepted to findings of fact (1), (2), (3), and (4); and to conclusions of law (1) and (2), and the same are allowed.                        John Truax, Judge.'

"I further—

"Certify that said exceptions, as noted by me, as stated, were taken at the time the said findings of fact, conclusions of law and decree were signed; but were taken in the manner

stated for the first time on October 11, 1917, and at that time I added said statement to said findings and conclusions.
    "Done.                           John Truax, Judge."

This certificate was made and filed in the absence of, and without notice to, the contestee or his counsel.

In the meantime, the contestee had given notice of appeal to this court, and subsequently filed and served his proposed statement of facts. The proposed statement did not include this certificate of the judge, and the contestant presented it and asked to have it inserted as an amendment to the statement. The insertion of the proposed matter was opposed by the contestee, and, upon the announcement of the court that the matter would be inserted, the contestee applied to this court for a writ prohibiting him from so doing. An alternative writ was issued by this court and a time appointed for a hearing to determine whether or not the writ should be made peremptory. The case is now before us on the latter question.

The contestee, in disregard of the rules of the court, has filed no brief in support of his application, nor did he appear at the time appointed for the hearing to present the application orally, and we are left to gather the reasons upon which the application rests from the statement of the petition for the writ and the affidavits and other papers filed in support thereof. These tend to show that the contestee did, in fact, through his counsel, at the time the findings of fact, conclusions of law, and decree were signed by the judge, orally except to the particular findings and conclusions afterwards noted by the judge, and that the judge's after notation of the exceptions was but the correction of an inadvertence occurring at that time. On the other hand, the judge returns that, while he inquired of contestee's counsel at the time of the signing of the several papers whether exceptions were desired and was answered in the affirmative, he was not asked to note them upon the findings, nor was he then informed as to the particular findings or conclusions to which exceptions

were desired.   In this he is supported by the affidavit of one
of contestant's counsel and the affidavit of a listener, who was
present and overheard the entire proceedings.

Treating the question as one to be determined upon the
weight of the evidence before us, we cannot find that the
judge's version of the facts is erroneous.   The witnesses are
equally divided, and there is nothing to show that those upon
the one side are not as reputable as those upon the other.   In
such a case, the judge's statement ought to be all controlling.
He has no personal interest in the matter, and no duty other
than to report the facts as he remembers them.   This is not
to decry the statements of any of the witnesses.   On the con-
trary, we have no doubt that the makers of the affidavits re-
lated the facts truly as they were remembered.   But there are
conflicting versions between which the court must decide, and
it adopts that version which seems to it to be supported by
the greater probability.

It may be further gathered from the contestant's petition
that he regards the matter sought to be inserted in the state-
ment of facts as not a part of the proceedings occurring at
the trial of the cause, and hence without place in a statement
of facts, and subject, for that reason, to be prohibited.   But
the purpose of the recital is plain—it was intended to show
that an apparently regular entry on the record was inad-
vertently made.   This being so, its effect can best be con-
sidered at the hearing upon the merits, and no occasion is
furnished for resorting to the extraordinary writ of prohibi-
tion.

In the interest of good practice, it may be well to say
that the methods adopted by the parties to correct and sup-
ply the record were hardly regular.   In the first instance,
the contestee should not have sought to correct, and the
judge should not have attempted to correct, a supposed in-
advertence by indorsing matter on the findings and conclu-
sions after they had been signed and filed, much less ought it
to have been done without notice to, and in the absence of,

the opposing parties or their attorneys. The record was then out of the possession of the judge. It had become a part of the files in the cause in the possession of the clerk, and the proper method of correcting it, or supplying omissions therein, was by a formal motion heard upon notice, and a formal order entered in accordance with the facts as they were made to appear. In the second instance, the first irregular order should not have been amended by another equally irregular. There were possibly a number of methods consistent with good practice through which a correct result could have been reached, but neither of these contemplated a proceeding wholly *ex parte*.

The alternative writ is quashed and the application for a peremptory writ denied.

ELLIS, C. J., PARKER, MAIN, and WEBSTER, JJ., concur.