[Nos. 16056, 16057. Department One. November 29, 1920.]

THE STATE OF WASHINGTON, *on the Relation of C. E. Russell et al., Plaintiff*, v. THE SUPERIOR COURT FOR SNOHOMISH COUNTY, *Ralph C. Bell, Judge, Respondent*.[1]

VENUE (23)—WAIVER OF CHANGE—MEETING ISSUE OF COUNTER-AF-FIDAVITS. Defendants' demand for a change of venue to the county of their residence, as a matter of right, is waived where, instead of insisting thereon, they presented to the court an issue as to the convenience of witnesses, raised by plaintiff's affidavits and counter-affidavits by the defendants, that being the only issue submitted or decided.

PROHIBITION (37)—TO COURTS—RETURN—CONCLUSIVENESS. In an application to the supreme court for a writ of prohibition to the superior court to prevent further proceedings in a cause, the judge's return as to what occurred at the hearing is conclusive, where the witnesses are equally divided and reputable.

Application filed in the supreme court September 1, 1920, for a writ of prohibition to the superior court for Snohomish county, Bell, J., to restrain further proceedings in a cause, upon the denial of a motion for a change of venue. Denied.

*P. C. Kibbe*, for relator.

*Cooley, Horan & Mulvihill*, for respondent.

[1] Reported in 193 Pac. 678.

MACKINTOSH, J.—Two transitory actions for damages were commenced in the superior court for Snohomish county by the Mustar Motor Company against C..E. Russell and wife, the relators herein. The relators appeared and filed a motion and affidavits for a change of venue, upon the ground that they were not residents of Snohomish county, but of Thurston county. The plaintiff, on the following day, filed an affidavit, setting forth that it was more convenient for the witnesses, and would better serve the ends of justice, to have the action tried in Snohomish county. Thereafter the relators filed counter-affidavits, setting forth that the convenience of the witnesses would be best subserved by having the action transferred for trial to Thurston county. The matter came on for hearing before the superior court of Snohomish county, when the following order was made:

"This matter coming on for hearing this 24th day of July, 1920, upon the motion of the defendants to have the venue of said action changed to Thurston county, the plaintiffs appearing by Cooley, Horan & Mulvihill, attorneys, and defendants appearing by P. C. Kibbe, attorney, and the court having heard the matter upon the affidavits of the respective parties and the pleadings in said action, and being duly advised in the premises, and it appearing by the court's own knowledge and the statements of counsel in open court, that Wesley VanRoy and Nigel VanRoy are son-in-law and daughter of the defendants, and that Avanelle Russell is daughter of defendants, these are the witnesses whose names are set forth in the affidavits, and the court considering all of said matters, and being duly advised in the premises, does hereby determine that the convenience of witnesses and the ends of justice require that the trial of said cause be in Snohomish county."

The relators then petitioned this court for a writ of prohibition, prohibiting and restraining the superior

court of Snohomish county from proceeding farther with the cause, other than to grant a change of venue to Thurston county. To this petition the superior court answered, setting up that, upon the hearing before it, the attorney for the relators,

". . . informed the court that he had a motion for change of venue that he desired said respondent to decide, said motion being a motion for change of venue of said action on the ground of the *convenience of witnesses,* . . . and requested the court to pass upon and decide the issue formed by the affidavits of the plaintiffs in said action, and the affidavits of the defendant *as to the convenience of witnesses* and the change of venue on that ground, and the said petitioners and relators informed the court, prior to the hearing of said motion, that there was an issue of fact in said motion to be decided by said respondent as to whether or not the ends of justice would be subserved by the trial of said cause in Snohomish county or in Thurston county, and said attorney requested and desired said respondent to decide said issue of fact, and said respondent, in response to said request, proceeded to and did hear said issue . . . the court decided upon said affidavits that the convenience of witnesses and the ends of justice required that the trial of said action be held in Snohomish county, *and that was the only issue either of law or fact that was submitted to said respondent,* or argued before said respondent in said matter. That at said hearing said petitioner and relator did not contend that said action should be transferred to Thurston county as a matter of right, but informed said court that there was an issue of fact on said affidavits as to whether or not said issue should be transferred to Thurston county upon the issue of convenience of witnesses and the ends of justice, and that was the issue determined by respondent and was *the only issue that respondent was requested or invited by the petitioners and relators to decide.*"

When the relators filed their affidavits demanding a change of venue on the ground of nonresidence, and there being no issue of fact joined upon that point, they were entitled, as a matter of right, to the transfer to the county of their residence, and they did not waive that right by subsequently meeting the issue presented by the affidavits of the plaintiff, that the convenience of witnesses would be best subserved by retaining the case in Snohomish county for trial. We have held that the right of the defendant to have the trial take place in the county of his residence is not waived by the contemporaneous assertion of his privilege, or by meeting that question when it is presented by the plaintiff in the action. Had the relators insisted upon their right, it would have been improper for the court to have considered the question of the convenience of witnesses, the record disclosing that there was no controversy as to the residence of the defendants.

But it appears from the rather ambiguous order, as explained by the return of the superior court, that, instead of insisting upon or presenting the request for change of venue on account of residence, the relators presented to the court the issue as to the convenience of witnesses, and thereby waived their right which they had, to change on the ground of residence. In other words, they submitted the issue arising out of a privilege, without raising or insisting upon their right, and they thereby consented to a determination of that issue by the superior court of Snohomish county. *Seaton v. Cook*, 45 Wash. 27, 87 Pac. 914; *State ex rel. Nelson v. Yakey*, 64 Wash. 511, 117 Pac. 265; *State ex rel. Lefebre v. Clifford*, 65 Wash. 313, 118 Pac. 40; *State ex rel. Farmer v. Bell*, 101 Wash. 133, 172 Pac. 221.

Affidavits seem to have been filed controverting the return of respondent, but we do not find them in the

record.    However that might be, they could have no
determining influence here, for the reason that we have
held that the return of a respondent court will be ac-
cepted by this court as correct, as to what occurred
at the hearing before it, where the witnesses are equally
divided and reputable.    *In re Geissler's Estate,* 99
Wash. 452, 169 Pac. 822.

The relators rely upon the case of *State ex rel. Owen v.
Superior Court,* 110 Wash. 49, 187 Pac. 708, but as
we see the facts of this case they do not fall within
that case, for here, as we have indicated, the relators
have, by asking for the consideration of the question
of the convenience of witnesses, foregone their right
to a change of venue which existed in their favor under
the state of the record.

The respondent has argued for a modification of the
rule laid down in the *Owen* case, but we cannot agree
with his contentions.    The *Owen* case properly states
the law upon this subject and in no wise conflicts with
the decision in *State ex rel. Conley v. Superior Court,*
106 Wash. 569, 181 Pac. 50, which differs from the
*Owen* case in that, in the *Conley* case, the question
of the residence was controverted, and the defend-
ants were not entitled to a change of venue as a mat-
ter of right on the record.    Where there is no de-
nial that the defendant is a resident of another county,
or where the court finds on the disputed question, that
the defendant is a resident of another county, the de-
fendant as a matter of right is then entitled to a change
of venue to his home county.    A question of fact was
presented to the court for its determination, as to what
was the place of defendant's residence, but that ques-
tion seems not to have been decided, and it appears that
the defendant consented to the non-consideration of

9—113 WASH.

the question, and consented to the consideration of the question of convenience of witnesses. As was said in the *Conley* case:

"The trial court made no finding as to the place of residence of the relator, but entered an order denying the change of venue, upon the ground that the cause of action arose in King county, and the convenience of witnesses required that the case be there tried. . . . Were the facts contended for by the plaintiff herein as to his place of residence admitted, and were there no other facts involved, then the discretion of the trial court would not be invoked, and plaintiff would be entitled to have the case transferred to the county of his residence for trial, as a matter of right. . . . But here, not only are the facts as to residence denied, but the question of the convenience of witnesses was a fact upon which the trial court was called upon to pass . . . thus presenting a question of fact which invoked the discretion of the trial court . . ."

The *Conley* case, although not explicit upon the point involved in the *Owen* case, is not, as we have indicated, out of harmony with the decision in the *Owen* case. It would seem in the *Conley* case, as in the case before us, that the question as to the right of a change of venue had been waived, the only question considered by the trial court being the question of privilege, arising from the claim of convenience of witnesses.

Upon the records in these cases, we hold that there was no error in the proceedings before the respondent, and the writs will be denied.

HOLCOMB, C. J., BRIDGES, FULLERTON, and PARKER, JJ., concur.