Note.—See under (1) 29 Cyc. pp. 767, 770, 799, 927; 16 R. C. L. p. 313; 20 R. C. L. p. 241; 6 R. C. L. Supp. 1199. (2) 4 C. J. p. 905, §2875; 29 Cyc. p. 1032. (3) 20 C. J. p. 259, §366; anno. 30 L. R. A. (N. S.) 602; 9 R. C. L. p. 1164 et seq. (4) 4 C. J. p. 853, §2834; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79; 6 R. C. L. Supp. p. 73.

---

## In re COX'S ESTATE.
### WRIGHT, Supt., v. ASHBROOK, Gdn., et al.

No. 15168—Opinion Filed March 29, 1927.

Rehearing Denied May 3, 1927.

(Syllabus.)

1. **Courts—Appeal of Probate Matters to District Court—Notice of Appeal and Appeal Bond Jurisdictional—Record.**

In an appeal from the county court in a probate matter to the district court notice of appeal and an appeal bond is jurisdictional, and where the transcript fails to show a notice of appeal and an appeal bond as provided by law, the district court fails to acquire jurisdiction of the case on appeal.

2. **Same—Restoration of Lost Records—Substitution of Notice of Appeal and Appeal Bond—Procedure.**

Where notice of appeal and an appeal bond

have been lost or destroyed in county court before the transcript of appeal is made and lodged in the district court, the county court is the only court having jurisdiction to substitute said notice of appeal and appeal bond by order nunc pro tunc, and can only substitute the same upon proper notice to the adverse party.

Error from District Court, Osage County; Jesse J. Worten, Judge.

In the matter of the estate of Gilbert Cox, deceased. From an order of the county court allowing attorneys fees, J. George Wright, Superintendent of the Osage Agency, on behalf of Catherine Cox appealed to the district court. From order of the district court, dismissing his petition, he appeals. Affirmed.

J. M. Humphreys, for plaintiff in error.

J. J. D. Cobb and Wilson, Murphy & Duncan, for defendants in error.

CLARK, J. This action was begun in the county court of Osage county, Okla. An application was filed with the administrator of the estate of Gilbert Cox, deceased, by Johnson & Johnson, Charles A. Holden, and M. L. Holcombe, attorneys at law, asking the county court to fix an attorney fee as compensation for the above-named attorneys in representing C. E. Ashbrook, legal guardian of Catherine Cox, in which the above-named attorneys had represented Catherine Cox in establishing her right to an interest in the estate of Gilbert Cox, deceased.

The county court made an order fixing said fee and ordered the same to be paid out of money in the hands of the administrator distributable to the said Catherine Cox, with the further order that if said funds in the hands of the administrator belonging to Catherine Cox be insufficient, the said C. E. Ashbrook, guardian of the said Catherine Cox, shall pay the balance out of funds belonging to said incompetent.

J. Geo. Wright, Superintendent of the Osage Indian Agency, was present by his attorney at the time said hearing was had and objected to the order of court allowing said fee and gave notice of appeal to the district court and executed an appeal bond as provided by law.

Thereafter the cause came on to be heard in the district court upon a transcript of the proceedings in the county court.

In the district court it was found that the notice of appeal and the appeal bond executed by J. Geo. Wright as Superintendent of the Osage Indian Agency had been misplaced or lost, and the county court, upon the application of said J. Geo. Wright, entered its

order nunc pro tunc substituting an appeal bond and notice of appeal. This act of the county court and judgment entered by said order nunc pro tunc was entered without notice to the adverse parties, the defendants in error herein.

This matter came on to be heard before the district court. Defendants in error filed a motion to dismiss said cause which is as follows:

"(1) The purported notice of appeal and appeal bond are wholly insufficient to confer jurisdiction upon this court to hear and determine the same.

"(2) The transcript and record herein offered by said J. Geo. Wright, Superintendent of the Osage Indian Agency, is fatally defective and wholly omits the petition and application upon which this matter was heard in the lower court.

"(3) That the purported nunc pro tunc orders of the county court substituting a purported copy of notice of appeal and appeal bond herein are illegal and void for the reason no notice of the application therefor was given to the appellees. and no opportunity was given them to be heard."

After the case was fully presented to the court, the court made the following statement:

"Gentlemen, it occurs to me that the proper order to be made in this case is that this case be remanded to the county court to correct this record.

"Mr. Humphreys, attorney for plaintiff in error; 'I was going to ask that if you denied me the right that I have requested, I want to make my record first.'"

Whereupon the attorney for plaintiff in error offered a transcript of the record from the county court, which was objected to for the reason the court was without jurisdiction to grant the relief requested.

Plaintiff in error then called the county judge and offered to prove that proper notice and appeal bond had been given in the county court. After which the following proceedings were had in the district court:

"The Court: Gentlemen, I am not going to pass on this motion to dismiss the appeal. The order of this court is going to be that this case be remanded to the lower court with permission, if they see fit to correct the record.

"Mr. Humphreys: How can we correct it?

"The Court: You can correct it by nunc pro tunc order with proper notice.

"Mr. Humphreys: Well, we have shown

the order was here. We cannot stand on guard down there and protect the office.

"The Court: All right, the court will sustain the motion to dismiss the appeal."

To which action of the court the plaintiff in error duly excepted and within due time prosecuted his appeal to this court.

Plaintiff in error made four assignments of error, which may be disposed of under two heads. First, did the court commit an error in refusing to permit plaintiff in error to prove that there had been notice of appeal filed and served in the county court and a proper appeal bond executed in the county court? We think the court committed no error, for the reason that if the records of the county court were to be substituted or corrected the county court would be the only court having jurisdiction to make such order. The next question raised by the plaintiff in error is that the county court had jurisdiction and authority to enter its order nunc pro tunc substituting said notice of appeal and appeal bond without notice to defendants in error. Plaintiff in error relies on section 9541, C. O. S. 1921. Said section provides:

"In case of the destruction by fire or otherwise of the records or any part thereof, of any county court, the judge of such county court may proceed upon his own motion, or upon application in writing of any party in interest, to restore the records, papers and proceedings of this court relating to the estate of deceased persons. * * *"

This section is a part of chapter 83, article 1, headed "Restoration of Records." Section 9540 provides a manner in which lost records may be substituted, with the further proviso after provided by notice:

"* * * Which order shall be entered of record in said court and have the same effect which said original record would have had if the same had not been lost or destroyed. so far as concerns the person making such application. and the persons who shall have been notified, as provided in this section."

This court has passed on the question of substituting records in a number of cases, and in all of said cases this court has specifically found that notice to the adverse parties is necessary. In the case of Hirsh et al. v. Twyford. reported in 40 Okla. 220. 139 Pac. 313. the fourth paragraph of the syllabus reads as follows:

"Where the clerk has failed. neglected, or declined to enter of record any order. judgment. or decree of his court. the proper remedy is an application to that court, upon notice to adverse parties. for an order directing the omitted order, judgment, or decree to be entered nunc pro tunc."

The same was held by this court in the case of Lamb v. Alexander 'et al., 74 Okla. 250, 179 Pac. 587, and Mooney et al. v. First State Bank of Washington, 48 Okla. 676, 149 Pac. 1173.

In the case of In re Geissler's Estate, 169 Pac. 822, the Supreme Court of Washington, in the third paragraph of the syllabus, says:

"The proper method of correcting or supplying omission in the record, after it has gone out of the trial judge's possession and become a part of the files in the clerk's possession, is by formal order on a formal motion with notice, and not by indorsement on the findings and conclusions on application of one of the parties without notice to the other."

We are, therefore, of the opinion that the county court of Osage county was without jurisdiction to substitute lost records without proper notice to the adverse parties. The record in this case discloses that the trial court attempted to have this case sent back to the county court to have the record corrected upon proper notice, and therefore give the plaintiff in error an opportunity to present his case on the merits. This was suggested by the trial judge twice during the proceedings and objected to by the plaintiff in error.

We are, therefore, of the opinion that the trial court committed no error in dismissing plaintiff in error's appeal.

Judgment of the trial court is affirmed.

BRANSON, C. J., and MASON, PHELPS, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See 15 C. J. p. 1023, §443.