[No. 11345.  Department One.  December 19, 1913.]

FORTSON SHINGLE COMPANY, *Respondent*, v. DANIEL SKAGLAND *et al.*, *Appellants.*[1]

VENUE—CHANGE—BIAS OF JUDGE—TIME FOR APPLICATION.  In an action for an injunction, an application for a change of judges, under 3 Rem. & Bal. Code, § 209-1, is too late, when not made until after a hearing upon a show cause order and the granting of a temporary injunction upon such hearing.

JUDGES—DISQUALIFICATION—STATUTES—TIME FOR CHALLENGE.  Under Rem. & Bal. Code, § 209, disqualifying a judge who had "been counsel for either party in the action or proceeding" a trial judge is not disqualified from the fact that before going on the bench his law firm had represented one of the parties in other matters; especially where the challenge was not made until after the respondent had rested his case.

NAVIGABLE WATERS—STREAMS—NAVIGABILITY.  A stream is navigable, where during freshets regularly recurring during certain months, there was sufficient water, in its natural state, to float shingle bolts and forest products without using the banks of the stream; and it is immaterial that it was necessary to remove windfalls and artificial obstructions caused by logging the land to restore the stream to its natural state.

APPEAL—REVIEW—EXCEPTIONS.  The insufficiency of the evidence cannot be assigned as error, in the absence of exceptions to the findings of fact.

[1] Reported in 137 Pac. 304.

Appeal from a judgment of the superior court for Sno-
homish county, W. P. Bell, J., entered December 31, 1912,
upon findings in favor of the plaintiff, in an action for an
injunction. Affirmed.

*A. M. Wendall* and *E. C. Dailey,* for appellants.
*Coleman, Fogarty & Anderson,* for respondent.

Gose, J.—This is an action to enjoin the defendants from
interfering with the plaintiff in floating shingle bolts and
other forest products in Segelson creek, a tributary of the
Stillaguamish river. Segelson creek flows through land
owned by the defendants. The complaint alleges that it is a
floatable and navigable stream for shingle bolts and other
forest products, and that the defendants had forbidden plain-
tiff to use the stream for floating its shingle bolts and other
forest products in that part of the stream which flowed over
their land. A decree was entered in harmony with the
prayer of the bill. The defendants have appealed.

The appeal presents two questions: (1) A denial of two
challenges to the qualification of the trial judge; and (2)
Do the findings of fact support the decree?

When the case was called for trial, the appellants filed a
motion and affidavit for a change of judges, in pursuance of
Laws 1911, p. 617 (3 Rem. & Bal. Code, § 209-1 *et seq.*).
Prior to this application, a show-cause order had been issued
against the appellants. Thereafter a hearing was had upon
the respondent's application for a temporary injunction.
The appellants appeared and resisted the application. After
the hearing and prior to the filing of the motion and affi-
davit in question, the court granted a temporary injunction.
Upon this state of the record, the motion was not timely.
*State ex rel. Lefebvre v. Clifford,* 65 Wash. 313, 118 Pac. 40.

After the respondent had rested its case, appellants called
the president of the respondent, who testified that the law
firm of which Judge Bell, the trial judge, was a member, had
represented the respondent in two lawsuits. He further

testified that Judge Bell had not represented the respondent professionally subsequent to his election as attorney general in 1908, about four years before the trial. There was no attempt to show that Judge Bell's services even remotely touched the subject-matter of the litigation, or that he or the firm of which he was a member had been under a general retainer. The case then proceeded. On the following day, counsel for the appellants formally challenged Judge Bell because he had formerly represented the respondent professionally. The trial judge, in denying the challenge, said that, had the challenge been made at or before the commencement of the trial upon that ground, he would have declined to try the case. He also said, that the public had an interest in the trial of lawsuits; that he had practiced law in Snohomish county for twenty-five years; and that, since going upon the bench, he had heard many cases where he or the firm of which he was formerly a member had represented some one of the parties to the action professionally prior to the time he entered upon the performance of his judicial duties. This ruling is assigned as error. Judge Bell had not "been counsel for either party in the action or proceeding;" hence, was not disqualified. Rem. & Bal. Code, § 209 (P. C. 81 § 111) ; 40 Cyc. 132. The challenge, while embarrassing to the judge, was utterly wanting in merit. The respondent had rested its case when the challenge was made. The judge very properly said that the public had an interest in the dispatch of litigation. The respondent, also, had a right to demand that the trial proceed, in the absence of some statutory disqualification of the judge. Orderly procedure, the rights of the respondent, and the public interest, alike demanded that the challenge be denied.

Upon the merits of the case, the court found:

"(5) That said Segelson creek is a floatable and navigable stream for shingle bolts and other forest products during freshets regularly recurring for a period of between three (3) and four (4) months in the spring and summer, and during a period of from two (2) to three (3) months during

the fall of each year; that during said recurring freshets
said Segelson creek for periods of several days together con-
tains water varying from eighteen (18) inches deep to three
(3) or four (4) feet; that said quantity of water is ample.
and sufficient to float shingle bolts and other forest products
through said creek into the Stillaguamish river and that said
shingle bolts and other forest products can be so floated in
said Segelson creek to the Stillaguamish river without using
the banks of said stream.

"(6)   That all the timber has been logged off from said
premises of defendants, and that when said premises were
logged certain windfalls, brush, tree tops and some logs were
left in said Segelson creek; that both the plaintiff and the
defendant have removed said brush, logs and windfalls from
said stream; that said stream would float shingle bolts before
the removal of said brush, logs, windfalls and other forest
debris from said stream, but the same could not be driven to
the Stillaguamish river without the removal of said forest
debris."

The findings support the decree. The test of the naviga-
bility of a stream is, Was it navigable in its natural state?
If it was, neither accidental nor intentional obstructions
which were not there in its natural state will impair or de-
stroy its legal navigability. *Monroe Mill Co. v. Menzel*, 35
Wash. 487, 77 Pac. 813, 102 Am. St. 905, 70 L. R. A. 272;
*State ex rel. United Tanners Timber Co. v. Superior Court*,
60 Wash. 193, 110 Pac. 1017; *Olson v. Merrill*, 42 Wis. 203:
*Treat v. Lord*, 42 Me. 252, 66 Am. Dec. 298; 25 Cyc. 1566.
The windfalls and other obstructions referred to in the find-
ings created an artificial condition. The removal of these
obstructions merely restored the stream to its natural state.

There is a further assignment that the findings and judg-
ment are contrary "to the law and the evidence." No excep-
tions were taken to the findings of fact and this precludes a
review of the evidence. *Berens v. Cox*, 70 Wash. 627, 127
Pac. 189.

The decree is affirmed.

CROW, C. J., ELLIS, MAIN, and CHADWICK, JJ., concur.