[No. 11694. Department Two. April 24, 1914.]

ADLINE NANCE, *Respondent*, v. D. L. WOODS *et al.*,
*Appellants*.[1]

VENUE—CHANGE—BIAS OF JUDGE—TIME OF APPLICATION. A motion for change of judges on account of bias of the trial judge is not timely when not made until after motion for a bill of particulars, and denial of a motion for default upon terms; since a party cannot wait and speculate upon what rulings will be made.

MORTGAGES—REQUISITES—CONSIDERATION—FORECLOSURE — PARTIES. A conveyance of lands to defendants, who advanced the first payment of $3,000 on the purchase price to enable another to purchase, is a sufficient consideration for the execution by defendants of a note and mortgage for the balance of the purchase price, making them primarily liable thereon and proper parties to the foreclosure; although, on repayment of the advance made, defendants had conveyed the land to the purchaser, subject to the mortgage.

HUSBAND AND WIFE—COMMUNITY PROPERTY—ACTIONS—PARTIES. A married woman to whom a note and mortgage had been given may maintain an action in her own name to foreclose the mortgage, even if it was community property.

MORTGAGES—FORECLOSURE—DEFENSES. It is no defense to an action to foreclose a mortgage that the mortgagee had agreed that the land might be sold for a certain sum to be paid the mortgagee for cancellation of the note and mortgage, or that he would take a second mortgage, after applying all that could be raised by a first mortgage, where the agreement was not carried out and was without consideration.

Appeal from a judgment of the superior court for Grant county, Steiner, J., entered June 25, 1913, in favor of the plaintiff, foreclosing a real estate mortgage, upon sustaining demurrers to affirmative defenses. Affirmed.

[1]Reported in 140 Pac. 323.

*Martin & Wilson,* for appellants Woods.

*Guy T. Walter* and *N. W. Washington,* for appellants Webb.

*W. E. Southard,* for respondent.

Mount, J.—This action was brought by the respondent to foreclose a mortgage upon certain real estate. The appellants have appealed from the judgment of foreclosure.

The appellants claim that the court erred in denying their motion for a change of judge; in sustaining the respondent's demurrer to the affirmative defenses set up in the answers; and in granting and entering a default against the appellants and in rendering judgment against them.

It appears from the record that the action was commenced in January, 1913. Thereafter, on February 17, 1913, the appellants Woods and wife filed a motion for a cost bond, upon the ground that the respondent was a nonresident of the county where the action was brought. This bond was furnished by the respondent on February 18, 1913. Thereafter, on February 27, 1913, the appellants filed a motion for a bill of particulars. On March 25th, the respondent filed a motion for default against the appellants, and on March 27th this motion was denied, upon terms. Thereafter, on April 21st, the appellants Woods and wife filed a motion for a change of judge, on the ground that the appellants believed they could not have a fair trial before the judge of the superior court of that county. This motion was afterwards denied. Between the time the motion for change of judge was made and the order was entered denying the same, answers were filed by the appellants. It is, therefore, apparent that this case falls within the rule announced in *State ex rel. Lefebvre v. Clifford,* 65 Wash. 313, 118 Pac. 40, where we said:

"We cannot conclude that it was intended by the act that a party could submit to the jurisdiction of the court by

waiving his rights to object until by some ruling of the court in a case he becomes fearful that the judge is not favorable to his view of the case. In other words, he is not allowed to speculate upon what rulings the court will make on propositions that are involved in the case and, if the rulings do not happen to be in his favor, to then for the first time raise the jurisdictional question."

There was, therefore, no error in refusing the motion for a change of judge.

The answer of the appellants Woods and wife, after denying certain allegations of the complaint, for an affirmative answer, alleged that, at the time the mortgage was made, the land upon which it was given was the property of the respondent, and at that time the respondent had agreed to sell the land to one McAllister for the sum of $14,000; that the appellants Woods and wife, at the request of McAllister, agreed to advance $3,000, which was the first payment, and take title to the land in their own names, and give a mortgage thereon for the balance of the purchase price, upon the agreement with McAllister that, as soon as he should repay the $3,000 advanced by them, they would convey the land to him; that afterwards McAllister paid the $3,000 and, at his request, the land was deeded by Woods and wife to Webb and wife, subject to the mortgage; that there was no consideration passing from Woods and wife to the respondent for the note and mortgage sued upon. It is plain that this did not constitute a defense to the foreclosure of the mortgage. The deed for the land from the respondent to Woods and wife was a sufficient consideration for the note and mortgage. At the time the mortgage was given by Woods and wife, the title stood in their names, and they executed the note sued upon. The note was an ordinary negotiable note, and of course Woods and wife were primarily liable thereon, and were of course proper parties. Rem. & Bal. Code, §§ 3451, 3582 (P. C. 357 §§ 119, 385).

The further answer of Woods and wife alleged, that there was a misjoinder of parties, because the respondent Adline Nance was a married woman and that the note and mortgage sued upon was the community property of Mrs. Nance and her husband. The note, however, was given to Mrs. Nance personally, in her name, and the mortgage follows the note. She clearly had the right to maintain the action in her own name, even if it was community property. *Bowers v. Good*, 52 Wash. 384, 100 Pac. 848.

The separate answer of Webb and wife, in addition to the defense of misjoinder of parties, for a second affirmative defense, alleged: That, on or about the 1st day of February, 1913, the respondent orally agreed with Webb and wife that the land might be sold for the sum of $11,000, to be paid to the respondent, whereupon the respondent would cancel and surrender the note and mortgage sued upon, making the title of the land clear in Webb and wife; that they further agreed that the defendants Webb and wife should mortgage the land for as large an amount as they could, and if the mortgage so made failed to pay $11,000, the proceeds of said mortgage be turned over to the respondent and she and her husband agreed to take a second mortgage for the balance due in consideration of the surrender of the amount of money above mentioned. The answer further alleged that the appellants Woods and wife have been ready and willing to comply with this agreement, and that the respondent has refused so to do. It is apparent that this agreement did not prevent the respondent from pursuing her remedy of foreclosure, because it was not carried out, and no consideration passed for it. It is apparent upon the whole record that none of the affirmative defenses were sufficient to defeat the foreclosure of the mortgage.

After the demurrers to the affirmative answers had been sustained by the court, no offer was apparently made to answer further, but the appellants stood upon their answers.

The court thereafter entered a default and judgment.   There was clearly no error in this.

We find no error in the record, and the judgment is therefore affirmed.

CROW, C. J., PARKER, FULLERTON, and MORRIS, JJ., concur.