[No. 12423.   Department One.   December 1, 1914.]

THE STATE OF WASHINGTON, *on the Relation of Sarah A. Stevens, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *John E. Humphries, Judge, Respondent.*[1]

VENUE—CHANGE—BIAS OF JUDGE—TIME FOR APPLICATION.   Where, upon a show cause order in a summary proceeding in a divorce case, an opinion was rendered unfavorable to the relator, whereupon she caused the order to be discharged and commenced a new proceeding of the same kind, which was assigned to the same judge, it is too late to file an affidavit for change of judges on account of bias; since it is not allowable to speculate upon what rulings will be made by a judge, and, if dissatisfied, seek a change of judges.

Application filed in the supreme court October 13, 1914, for a writ of mandamus, upon denying an application for a change of judges, after a hearing upon affidavits.   Denied.

*E. M. Farmer*, for relator.

*Willett & Oleson*, for respondent.

GOSE, J.—This cause is before us on an alternative writ of mandate.

The application for the writ arose out of the following facts: A divorce action, wherein Sarah A. Gust was plaintiff and Adolph Gust was defendant, was heard and determined in the superior court of King county before the respondent judge. Upon appeal to this court, the judgment was modified, except as to the attorney fee which had been fixed by the court at the sum of $5,000 in favor of the wife against the husband.

[1]Reported in 144 Pac. 539.

*Gust v. Gust*, 78 Wash. 412, 139 Pac. 199. After the filing of the remittitur in the court below on the 16th day of June, 1914, a final decree was entered by the respondent judge. In the decree it was adjudged that the plaintiff recover of the defendant the sum of $5,000 "for the use and benefit of the attorney, Edward Judd." Thereafter the plaintiff's attorney, Mr. Judd, filed a notice of claim of an attorney's lien upon the judgment, with the clerk of the superior court of King county. On the 8th day of August the plaintiff, whose name was changed in the decree of divorce to Sarah A. Stevens, procured an order from the respondent judge, requiring Mr. Judd to show cause (1) why his claim of an attorney's lien should not be canceled and held for naught; (2) why his attorney's fee should not conform to the terms of an alleged contract, and (3) why he should not account to the plaintiff. On the 25th day of August, the show cause order proceeded to a hearing before the respondent judge, who, in the course of the hearing, expressed an opinion that the attorney's fee of Mr. Judd had been finally determined in the principal action. Thereupon the plaintiff discharged the show cause order, her attorney stating that he would take steps to modify the decree in respect to the attorney's fee which it sought to settle. On the 10th day of September, the plaintiff procured and served a second order upon Mr. Judd, requiring him to appear and show cause why the attorney's lien should not be canceled and set aside. Both orders bore the title of the original case. After a return had been made to the second order, the proceeding was docketed for assignment for trial on the 9th day of October. Upon that date, the presiding judge assigned the proceeding to the respondent judge for trial. Upon the same day, the counsel for the plaintiff, relator here, filed an affidavit of prejudice against the respondent judge conformably to the statute, Laws 1911, p. 617 (3 Rem. & Bal. Code, § 209-1). The motion for a change of judges which accompanied the affidavit was continued to the following day, so as to permit Mr. Judd to file a counter affidavit.

In his counter affidavit, he set forth the proceedings upon the hearing of the first show cause order. There being no traverse of these matters, the motion was denied. Thereafter the relator sued out an alternative writ of mandate.

We think the motion was correctly decided. Upon the facts stated, the ruling falls within the principle announced in *State ex rel. Lefebvre v. Clifford*, 65 Wash. 313, 118 Pac. 40; *Fortson Shingle Co. v. Skagland*, 77 Wash. 8, 137 Pac. 304; *State ex rel. Gourley v. Smith*, 78 Wash. 292, 139 Pac. 60, and *Nance v. Woods*, 79 Wash. 188, 140 Pac. 323. In the *Lefebvre* case, which was the pioneer case in the construction of the statute, Laws 1911, p. 617 (3 Rem. & Bal. Code, § 209-1), the relator had applied for and obtained a continuance to a day certain. Before that date, the judge made an *ex parte* order which the relator conceived to be prejudicial. Before the date to which the case had been continued, the relator filed an affidavit of prejudice, and a motion for a change of judges, which was denied. In sustaining the ruling of the trial court we said:

"We cannot conclude that it was intended by the act that a party could submit to the jurisdiction of the court by waiving his rights to object until by some ruling of the court in a case he becomes fearful that the judge is not favorable to his view of the case. In other words, he is not allowed to speculate upon what rulings the court will make on propositions that are involved in the case and, if the rulings do not happen to be in his favor, to then for the first time raise the jurisdictional question."

In the case at bar, when the respondent judge expressed an opinion unfavorable to the relator, she caused the order to be discharged. A few days later she commenced a new proceeding of the same kind, which was assigned to the respondent judge for trial. She then sought a change of judges by filing an affidavit of prejudice. In short, she sought to accomplish by indirection that which she could not have obtained on the hearing of the first order after the judge had expressed an opinion adverse to her claim. If the affidavit

had been filed on the first hearing during the progress of the hearing at the time the judge announced his view, it would not have been timely. Upon the peculiar facts, we think the case is controlled by the *Lefebvre* case.

The case below not only bore the title of the divorce action, but was a summary proceeding in that action.

The writ is denied upon both grounds.

MOUNT, PARKER, MORRIS, and MAIN, JJ., concur.