[No. 14025.   Department Two.   April 13, 1917.]

THE STATE OF WASHINGTON, *on the Relation of Carl W. Foster, Plaintiff*, v. THE SUPERIOR COURT FOR CLARKE COUNTY, *R. H. Back, Judge, Respondent*.[1]

JUDGES—CHANGE OF JUDGES—BIAS—"PROCEEDING"—TIME FOR APPLICATION. A motion to modify a decree of divorce relating to the custody of a child, upon a new and different state of facts arising more than one year after rendition of the judgment, is a "proceeding" within the meaning of Rem. Code, § 209-1, relating to a change of judges for bias in any action or proceeding; and hence application for the change of judges is timely when made at the time of presenting the motion.

Application filed in the supreme court March 3, 1917, for a writ of mandate to compel the granting of a change of judges for the hearing of a motion to modify a decree of divorce. Granted.

*Edgar Swan*, for relator.

*L. M. Burnett*, for respondent.

PARKER, J.—The relator, Carl W. Foster, seeks a writ of mandate in this court to compel the superior court for Clarke county, and R. H. Back, judge thereof, to cause to be heard by another judge his application for a modification of the decree of divorce, rendered by that court in the case of Marie E. Foster v. Carl W. Foster, in so far as the decree deprives him of the custody of his child. The application for change of judge was made under Rem. Code, §§ 209-1, 209-2.

The facts appearing in the record before us, which includes the answer and return of Judge Back to our alternative writ of mandate, may be summarized as follows:   On November 6, 1915, in the superior court for Clarke county, Honorable R. H. Back presiding as judge thereof, there was rendered a decree of divorce, upon relator's answer and cross-complaint in that certain action therein pending in which

[1]Reported in 164 Pac. 198.

Marie E. Foster was plaintiff and Carl W. Foster, this relator, was defendant, which decree dissolved the bonds of matrimony theretofore existing between them and disposed of their minor child as follows:

"It is further by the court ordered that the minor child of plaintiff and defendant, to wit: Ellen Foster, be and she is hereby permanently ordered into the care, custody and control of F. E. Bathea and Mattie Bathea, his wife, of Clarke county, Washington."

The divorce was awarded to relator because of cruelty on the part of plaintiff, but the court concluding that neither of the parties was a fit person to have the care and custody of the child, it was disposed of as above noticed. The substance of the court's finding touching relator's fitness to have the custody of the child is:

"That the defendant, Carl W. Foster, is of weak and vacillating character, of slovenly and shiftless habits and tendencies, has never been able to provide a suitable home for the aforesaid minor child, Ellen Foster, and has not now any suitable place to care for or keep said child, . . ."

There was no finding made that he was otherwise unfit to have the custody of his child. On December 13, 1916, which it will be noticed was more than one year after the rendering of the decree of divorce, relator filed in the superior court for Clarke county his petition, entitling it as in the divorce action, reading as follows:

"Comes now the petitioner, Carl W. Foster, defendant in the above entitled action, and represents to the court as follows: 1. That he is now a resident of the county of Clarke and state of Washington. 2. That he is the father of the minor child, Ellen Foster, named in the decree entered herein on November 6, 1915. 3. That he is now employed at good wages and is able and willing to provide a good home for his said minor child and to give her proper care and maintenance. 4. That he is a fit and proper person to have the care and custody of said child and that it is for the best interests of said child that she now be awarded to the care and custody of this petitioner. 5. That in said decree it was provided

that said child be awarded to the care and custody of parties other than the parents of said child.

"Wherefore this petitioner prays that said decree be modified and that said child be now awarded to the care and custody of this petitioner."

Soon after the filing of this petition and before any order or ruling of any nature in connection therewith had been asked for or was made by the superior court or by Honorable R. H. Back, judge thereof, relator filed in the proceeding his motion asking for a change of judge, accompanied by his affidavit stating "that Judge R. H. Back of said court before whom said matter is pending is prejudiced against said defendant, and said defendant believes he cannot have a fair and impartial trial of said case before said judge." Thereafter, on March 6, 1917, Judge Back entered an order denying relator's application for change of judge, and thereupon relator commenced this proceeding seeking to compel such change by a writ of mandate.

No contention is made but that the motion and affidavit for change of judge filed by relator is sufficient, both in form and substance, to entitle him to have the question presented to the court by his petition tried by some judge other than Judge Back, if his motion and affidavit have been timely filed, and the question of the modification of the divorce decree, in so far as it disposes of the custody of the child, is a "proceeding" within the meaning of Rem. Code, § 209-1, which, in so far as we need here notice its language, reads:

"No judge of a superior court of the state of Washington shall sit to hear or try any action or proceeding when it shall be established, as hereinafter provided, that such judge is prejudiced against any party or attorney, or the interest of any party or attorney appearing in such cause."

Counsel for respondent contends that relator's application for change of judge has not been timely made and invokes those decisions of this court holding, in substance, that to become available such an application must be made before

the trial judge has had presented to him for his decision some question in the action or proceeding upon which question the applicant has been heard or had an opportunity to be heard, citing: *State ex rel. Lefebvre v. Clifford,* 65 Wash. 313, 118 Pac. 40; *Fortson Shingle Co. v. Skagland,* 77 Wash. 8, 137 Pac. 304; *Nance v. Woods,* 79 Wash. 188, 140 Pac. 323; *State ex rel. Nixon v. Superior Court,* 87 Wash. 603, 152 Pac. 1.

This contention proceeds upon the theory that relator's petition for modification of the decree of divorce touching the custody of the child is not the commencement of a "proceeding" within the meaning of Rem. Code, § 209-1, but merely calls for the exercise of the court's continuing jurisdiction in the divorce action and that, therefore, relator's right to a change of judge has been abandoned by his failure to ask for such change at the beginning of the divorce action, before Judge Back was called upon to decide any question presented therein. It is true, as pointed out by counsel for respondent, that the jurisdiction of the trial court in a divorce action is generally held to continue after the rendering of a final decree therein in so far as the custody of children is concerned, and that the decree may be modified touching the custody of children as changed conditions may arise and be shown thereafter, and that such modification may be brought about upon the petition of any interested party and the giving of notice to other interested parties, giving them an opportunity to be heard upon the question so presented. We think it does not follow therefrom that the word "proceeding" as used in § 209-1 means only such a proceeding as is entirely apart from some other action, but that it includes a proceeding in a divorce action, after the rendering of a final decree therein, which calls for the determination of the question presented, such as the custody of a child upon a new and different state of facts arising after the rendering of the decree in the action. Such a proceeding, while in a sense in the original action and calling for the continued

exercise of the court's jurisdiction in the action, calls for
the trial of issues which were not and could not be tried in
the divorce action or disposed of by the final decree rendered
therein, because the issues presented by such a petition for
modification and such answer as may be made thereto pertain
to new rights resting upon new facts occurring after the
rendering of the final decree.   The decree is no less final in
its effect as to all rights existing at the time of its rendering..
As said by this court in *Koontz v. Koontz*, 25 Wash. 336,
343, 65 Pac. 546, quoting with approval from *Dubois v.
Johnson*, 96 Ind. 6:

"A decree of the superior court, which determines the
custody of infant children, from which no appeal has been
taken, is conclusive upon the court which rendered the decree
and upon all other courts, in the absence of a material change
in the condition and fitness of the parties, or the require-
ments for the welfare of the child."

These observations, we think, render it plain that the new
issue to be tried is connected with the original divorce action
as a matter of form only, for the purpose of controlling the
procedure by which the matter may be brought before the
court for disposition.   True, it does not require process in
the nature of a formal summons as in the commencement of
a civil action to bring the parties before the court, but mani-
festly notice of such nature as furnishes interested parties
an opportunity to be heard must be given before the court
can rightfully try the new issues so raised.

In *Bedolfe v. Bedolfe*, 71 Wash. 60, 127 Pac. 594, where
there was involved the question of the right of a party to a
divorce proceeding to have the decree modified after its entry
touching the custody of a minor child, Judge Gose, speaking
for the court upon the question of the right to change of
judge under this statute, said:

"It is next argued that an application for the modifica-
tion of a decree in a divorce action is a continuation of the
original case, and hence that the statute does not apply.

We think the premise is sound, but that the conclusion does not follow. The statute in positive terms provides that no judge of a superior court 'shall sit to hear or try any action or proceeding' when his prejudice shall have been established in the manner therein provided. . . . This is a proceeding in the original action. The original decree was entered on the 8th day of May, 1911. The petition in this proceeding was filed in February, 1912. After the original case had gone to final judgment, the statute became applicable to any subsequent proceeding in the original case."

Counsel for respondent insists that these remarks were unnecessary to the decision in that case, in view of the fact that the change of judge had actually been granted and it was the other party who was insisting that such change was granted without authority. However that may be, we are constrained to adopt this as the sound view of the law applicable to proceedings of this nature.

The reasoning of our decision in *Cooper v. Cooper*, 83 Wash. 85, 145 Pac. 66, is in harmony with, and lends some support to, this view, though that case is distinguishable from this. Our decision in *State ex rel. Russell v. Superior Court*, 77 Wash. 631, 138 Pac. 291, may be regarded as also lending some support to the conclusion we here reach, though not exactly in point. That was a contempt proceeding wherein it was sought to punish a person for acts committed out of the presence of the court in violation of an order of the court made in an action. Change of judge was sought under the provisions of Rem. Code, § 209-1, and denied by the trial court. It was there held that the trial court was in error in denying the change of judge asked for, and it was compelled by writ of mandate to grant the change, this court proceeding upon the theory that the "proceeding" was one within the meaning of § 209-1. Our decision in *State ex rel. Gourley v. Smith*, 78 Wash. 292, 139 Pac. 60, may seem not in harmony with these views. That was also a contempt proceeding, but ancillary to the original action. It was prosecuted to enforce obedience to an order of the

court and not as an independent contempt proceeding for
the purpose of punishing alone.   As said by Chief Justice
Crow in the opinion:

"It was in the nature of a civil process, issued by the court
to enforce obedience to the mandate contained in its judg-
ment and secure the delivery of the stock to the clerk of the
superior court.   In other words, it was in the nature of an
execution issued in an action to which appellant was already
a party."

This is no such proceeding.   We are of the opinion that,
since this is not a proceeding ancillary to the divorce action
or in aid of the enforcement of the final decree rendered
therein, but is a proceeding to try and determine new rights
arising out of new facts occurring since the rendering of that
decree, it is a "proceeding" within the meaning of Rem. Code,
§ 209-1, and that relator, having made his application for
change of judge as prescribed by the statute, is entitled to
such change as a matter of right.

Our attention is called to our denial of a writ of mandate
to compel a superior judge to grant a change of judge to
try a petition to modify a decree of divorce in the recent
case of *State ex rel. Davis v. Superior Court*, being No.
13935 in this court, in which no opinion was written.   That
case can be differentiated from this in that the record therein
shows that the application for modification of the decree was
filed only twenty-eight days after entry of the decree and
under such circumstances as to show that it was in substance
an attempt to retry the issues settled by the decree.

Judge Back, after the filing of relator's application and
affidavit for change of judge, entered an order permitting
Frank Bathea and Mattie Bathea, the custodians of the child
under the decree, to intervene in this proceeding and resist
the petition of the relator for modification of the decree.   Re-
lator insists that we should set aside this order.   We think
relator's rights will be sufficiently protected in this regard
by saving to him the right to challenge before the judge who

will hear this controversy the right of the Batheas to inter-vene. It is so ordered.

Let a writ of mandate issue commanding the superior court and Honorable R. H. Back, as judge thereof, to grant re-lator's application for change of judge as prayed for.

ELLIS, C. J., MOUNT, FULLERTON, and HOLCOMB, JJ., concur.