[No. 14725.  *En Banc.*  April 15, 1918.]

THE STATE OF WASHINGTON, *on the Relation of Virginia I. Farmer, Plaintiff*, v. RALPH C. BELL, *Judge, etc., Respondent.*[1]

JUDGES—CHANGE OF JUDGE—PREJUDICE—TIME FOR APPLICATION. After requesting a trial judge to try a cause to a jury, it is too late to file an affidavit of prejudice and demand that the cause be assigned to another judge for trial.

Application filed in the supreme court March 13, 1918, for a writ of prohibition to prevent the hearing of a cause by the superior court for Snohomish county, Bell, J.  Denied.

*Winter S. Martin, O. T. Webb,* and *Ray M. Wardall,* for plaintiff.

*Jesse H. Davis,* for respondent.

WEBSTER, J.—This is an original application for a writ of prohibition.  The facts are these.

On or about January 1, 1918, a petition entitled: "In Re the Welfare of Onaneta M. Farmer, Harry C. Farmer and Richard J. Farmer," was filed in the superior court of Snohomish county, and on January 5, 1918, Honorable Ralph C. Bell, one of the judges of said court, made an order committing the care and custody of the minor children named to Eva Farmer, their grandmother, until the further order of the court, upon certain terms therein stated.  On March 4, 1918, Virginia I. Farmer, relator herein, as the mother of the children, filed a petition in the same court requiring Eva Farmer to appear and show cause why a rehearing upon the entire cause should not be had and the order rendered on January 5, 1918, be cancelled

[1]Reported in 172 Pac. 221.

and set aside, for the reasons set forth in the petition. Thereupon the court entered an order requiring Eva Farmer to appear and show cause on March 11, 1918, why the cause should not be reopened and the matter set down for a jury trial upon the issues raised by relator's petition. Upon the return date fixed, counsel for relator appeared before Judge Bell, sitting as the presiding judge of the juvenile court, and requested that the cause be set down for trial before a jury in accordance with the written demand then on file in the case. Respondent having denied relator's application for a jury trial, set the cause for hearing before himself on March 18, 1918. Whereupon relator filed an affidavit of prejudice pursuant to the statute, and requested that the cause be assigned to another judge for trial, which request was denied. This application is made for a writ prohibiting respondent from hearing and determining the cause.

To state the case is to decide it. Relator submitted her cause to Judge Bell by requesting that the case be tried to a jury. When this matter was determined adversely, she undertook to avail herself of the provisions of the statute relating to a change of judge, on the ground of prejudice. This application was not seasonably made. As was said by Judge Dunbar, in *State ex rel. Lefebvre v. Clifford,* 65 Wash. 313, 118 Pac. 40:

"It is true these orders were not made upon the merits of the case; but the statute does not, by specific provision or by any intendment, limit the right to make the application at any time before the trial on the merits. If literally construed, the right would exist at any time prior to the entering of the judgment. But to place such a construction on the law is to charge the law-making power with an intention to cripple and handicap the courts in their attempted enforcement of the law, to an intolerable extent. Hence the necessity of construction; and construing the law and attempt-

ing to ascertain its meaning, we cannot conclude that it was intended by the act that a party could submit to the jurisdiction of the court by waiving his rights to object until by some ruling of the court in a case he becomes fearful that the judge is not favorable to his view of the case. In other words, he is not allowed to speculate upon what rulings the court will make on propositions that are involved in the case and, if the rulings do not happen to be in his favor, to then for the first time raise the jurisdictional question.''

See, also, *Nance v. Woods*, 79 Wash. 188, 140 Pac. 323; *State ex rel. Stevens v. Superior Court*, 82 Wash. 420, 144 Pac. 539; *State ex rel. Nixon v. Superior Court*, 87 Wash. 603, 152 Pac. 1; *Fortson Shingle Co. v. Skagland*, 77 Wash. 8, 137 Pac. 304.

The correctness of the court's ruling in denying a jury trial may be reviewed upon appeal, and therefore is not before us in this proceeding. The writ will be denied.

ELLIS, C. J., MOUNT, MAIN, PARKER, FULLERTON, HOLCOMB, and CHADWICK, JJ., concur.