[No. 16220.   Department One.   January 25, 1921.]

THE STATE OF WASHINGTON, *on the Relation of Albert Davis, Petitioner*, v. THE SUPERIOR COURT FOR LEWIS COUNTY, *W. A. Reynolds, Judge, Respondent*.[1]

VENUE (18)—CHANGE OF JUDGES—RIGHT TO. The change of venue statute is applicable to a proceeding against a father under the juvenile court act to have a child adjudged a dependent child.

SAME (20)—CHANGE OF JUDGES—TIME FOR APPLICATION. After counsel appears before the court and requests a judge to continue a hearing for the convenience of counsel, which was granted, it is too late to seek a change of judges under Rem. Code, §§ 209-1 and 209-2, requiring the application to be made at the time of appearing and before the court has made any ruling in the case.

Application filed in the supreme court November 18, 1920, for a writ of mandate, to compel the superior

[1]Reported in 195 Pac. 25.

court of Lewis county, Reynolds, J., to grant a change of judges. Denied.

*W. E. Bishop,* for relator.

*J. H. Jahnke,* for respondent.

BRIDGES, J.—A proceeding was commenced in the Lewis county superior court on the 13th day of November, 1920, entitled, ''In the Matter of the Welfare of Irwin Davis, Florence Davis, and Gwendolyn Davis,'' wherein it was alleged that the Davis children were in the custody and control of one Albert Davis, who was neglecting them and treating them in a cruel and inhuman manner, and that such children were dependent children under the juvenile court act. A summons was issued and served on Albert Davis on the 13th day of November, 1920. The summons or notice required Davis to appear in court on the 16th day of November, 1920, at the hour of 9:30 a. m., and defend himself touching the matter recited in the petition. Thereafter Davis filed an affidavit of prejudice against the presiding judge and asked to have the case transferred to another county, or that another judge be called in to try it. The local judge made an order refusing the change of venue and threatened to proceed with the trial of the case. Thereupon Davis instituted this proceeding, seeking to compel the judge of the Lewis county court either to call in another judge or transfer the case to some other county for trial.

The judge of that county has made his return setting out the facts as he understands them. It does not appear upon what grounds the lower court refused to grant the change of venue, but an examination of the record tends to indicate that he so refused either because the change of venue statute has no application to a proceeding under the juvenile court law, or on

the ground that the application for the change was not timely made, or possibly on both of these grounds.

We have no doubt that the change of venue statute is applicable to a proceeding of this character. While this exact question has not been before this court, yet in a case of similar character the court has applied the change of venue statute. *State ex rel. Mead v. Superior Court,* 108 Wash. 636, 185 Pac. 628.

The parties are not agreed upon the facts or circumstances under which the application for change of venue was made. We will, under these circumstances, adopt the return of the respondent as showing the facts correctly. We have held that, where the return of the judge is controverted, we will accept that return as correctly reciting the facts, where the witnesses are equally divided and reputable. *State ex rel. Russell v. Superior Court,* 113 Wash. 253, 193 Pac. 678; *In re Geissler's Estate,* 99 Wash. 452, 169 Pac. 822.

The substance of respondent's return is that, after the original petition concerning the dependent children had been filed, and after the service upon Albert Davis, in whose custody the children were, and before the time fixed for the hearing of that case, W. E. Bishop, acting as attorney for Davis, appeared before Judge W. A. Reynolds, as judge of the juvenile court of Lewis county and asked that the hearing of the case be continued for the reason that he had important business elsewhere on the day set for the trial; that, complying with the request, the court continued the trial from 9:30 a. m. to 3 p. m. of November 16, 1920; that, after such continuance had been requested and granted, Davis, through his attorney, informed the court that he had filed an affidavit of prejudice and motion for change of judges, and asked the court to grant such motion, which the court refused to do, but,

on the contrary, made an order denying such application. The question is, therefore, whether the application for the change of venue was timely made.

A literal reading of the change of venue statute, being Rem. Code, §§ 209-1 and 209-2, would seem to authorize the application for the change of venue to be made at any time before the entry of judgment, but we have held in many cases that such was not the legislative intent. We have held in several cases that the application for the change of venue must be timely made. *State ex rel. Russell v. Superior Court,* 77 Wash. 631, 138 Pac. 291, and cases there cited.

In the case of *State ex rel. Lefebvre v. Clifford,* 65 Wash. 313, 118 Pac. 40, this court said:

"We cannot conclude that it was intended by the act that a party could submit to the jurisdiction of the court by waiving his rights to object until by some ruling of the court in a case he becomes fearful that the judge is not favorable to his view of the case,"

and that the application was not timely made.

In the case of *Fortson Shingle Co. v. Skagland,* 77 Wash. 8, 137 Pac. 304, the facts were that a suit for injunction was instituted and a temporary restraining order was made, after a hearing in which the defendants participated. Thereafter, defendants filed an affidavit of prejudice. The court held that the application for change of judge was not timely made.

In the case of *Nance v. Woods,* 79 Wash. 188, 140 Pac. 323, the defendants filed an affidavit of prejudice after they had filed a motion for cost bond and the bond had been furnished, and after they had filed a motion for a bill of particulars, but before it had been heard, and after the plaintiff had filed a motion for default, which, after hearing, was denied. It was held that the motion was not timely made.

In the case of *State ex rel. Deavers v. French,* 78 Wash. 260, 138 Pac. 869, the defendants first filed a motion to make the complaint more definite and certain and several days thereafter, and before this motion had been presented or ruled upon, they filed an affidavit of prejudice against the judge. Held, that the affidavit was timely made.

In the case of *State ex rel. Farmer v. Bell,* 101 Wash. 133, 172 Pac. 221, it was held that, after requesting the trial judge to set a case for jury trial, and such request is complied with, it is too late to file an affidavit of prejudice and demand that the case be assigned to another judge.

In the case of *State ex rel. Dunham v. Superior Court,* 106 Wash. 507, 180 Pac. 481, the prevailing facts were that, after the defendants had moved to make the complaint more definite and certain, and after that motion had been noted for hearing, but before such hearing or any ruling of the court, they made an affidavit of prejudice against the judge and moved for change of judges. It was held that the motion was timely made.

The case of *State ex rel. Farmer v. Bell, supra,* would seem to be particularly decisive of the question involved here. There the only thing which had transpired before the filing of the affidavit for change of venue was the application by the person seeking the change to have the case set down for trial to a jury. If, under these circumstances, the application for change of venue is not timely made, then it certainly cannot be said to be timely made after the complaining party had asked the court for a continuance of the trial and obtained a ruling of the court thereon.

The point we wish to emphasize is that a motion for a change of judges supported by an affidavit of prejudice, is timely made if filed and called to the attention of the court before it has made any ruling

whatsoever in the case, either on the motion of the party making the affidavit or on the motion of any other party to the action, of the hearing of which the party making the affidavit has been given notice, otherwise it is not timely made.

We conclude that the affidavit of prejudice and the motion for change of venue in this case came too late. The writ applied for is denied.

PARKER, C. J., MACKINTOSH, FULLERTON, and HOL-COMB, JJ., concur.