[No. 16176.   Department Two.   March 30, 1921.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE F. VANDERVEER, *Appellant*.[1]

INDICTMENT AND INFORMATION (60)—SUFFICIENCY — LANGUAGE OF STATUTE.   A criminal complaint charging that defendant did "wilfully and unlawfully have verbal communication with a prisoner" in a county jail sufficiently charged the offense defined by Rem. Code, § 2377, the words "wilfully and unlawfully" importing the elements of evil intent and that the act was of a character to threaten the security of the state or its citizens.

VENUE (20)—CHANGE—BIAS OF JUDGE—TIME FOR APPLICATION.   An application for a change of judge on the ground of prejudice, under Rem. Code, §§ 209-1, 209-2, is timely made after appeal from a justice to the superior court, where the motion therefor is made upon the first appearance of appellant in the superior court.

SAME (18)—CHANGE—BIAS OF JUDGE—CRIMINAL ACTIONS.   Criminal, as well as civil, cases are within the scope of the statute (Rem. Code, §§ 209-1, 209-2) providing for change of judges.

Appeal from a judgment of the superior court for Clarke county, Back, J., entered July 21, 1920, upon a trial and conviction of unlawful communication with a prisoner.   Reversed.

*George F. Vanderveer* and *Ralph S. Pierce*, for appellant.

*W. E. Yates*, for respondent.

MITCHELL, J.—The defendant was prosecuted before a justice of the peace of Clarke county upon a criminal complaint which charged that "he not being authorized by law or any officer authorized thereto, on or about the 26th day of October, 1919, in the county of Clarke and state of Washington, then and there being, did then and there willfully and unlawfully have verbal communication with a prisoner or prisoners in the

[1]Reported in 196 Pac. 650.

county jail of Clarke county, state of Washington, the exact identity of which said prisoner or prisoners is to affiant unknown.'' From an adverse judgment of the justice of the peace court, the defendant appealed to the superior court, and from a conviction in that court, he has taken his case to this court.

The case is presented upon two assignments of error, viz: (1) in overruling the demurrer to the complaint; and (2) in denying an application for a change of the trial judge.

Section 2377, Rem. Code, upon which the complaint is based, provides:

''Every person who, not being authorized by law or by any officer authorized thereto, shall have any verbal communication with any prisoner in any jail, reformatory, penitentiary, or other penal institution, or shall bring into or convey out of the same any writing, clothing, food, tobacco or any article whatsoever, shall be guilty of a misdemeanor.''

The appellant insists that the facts stated in the complaint are not sufficient to constitute a crime, because ''two things must concur to constitute a crime, first, there must be an act done of a character to threaten the security of the state or its citizens; and second, the act must have been done with some evil intent.'' Surely an act violating a positive law manifestly designed to promote the discipline and safekeeping of prisoners (consisting of convicts, and others accused of crime) until the sheriff, who has charge of the jail, is relieved of their custody by legal authority, of necessity is a threat and dangerous to the peace and security of the state and its citizens. That is the act with which the appellant is charged by the complaint. As to the element of evil intent, admit that it is essential in this statutory crime, it is to be observed that the complaint defines the act in the lan-

guage of the statute and charges that it was done "willfully and unlawfully." An act done willfully is done intentionally and designedly. An act done unlawfully is done without legal justification. It follows, necessarily, we think, that to charge one with conduct which is both intentional and contrary to law is to say the act was done with an evil purpose. The demurrer to the complaint was properly overruled.

Upon taking the appeal to the superior court, the justice of the peace made and certified a copy of the conviction and other proceedings in the case and transmitted the same to the clerk of the superior court. Thereafter, and for some time, nothing was done in the case until with or immediately prior to the demurrer the appellant filed the statutory affidavit of prejudice against the trial judge, who, upon having his attention called to it, entered an order denying the application for another judge. Thereupon, and on the same day, the trial of the appellant was had in the superior court. No statement of facts or bill of exceptions has been furnished on the appeal, so that we have no record here except the certified transcript and the briefs of the respective parties. It appears that the appellant conducted the proceedings in his own behalf in the justice of the peace court and in the superior court without any attorney of record representing him. The statutes (§ § 209-1, 209-2, Rem. Code) upon the subject of an affidavit of prejudice and a change of judges contain no limitation upon the time when the right to demand another judge shall be exercised. By construction, however, it has become the settled rule that the application must be seasonably made. *State ex rel. Nelson v. Yakey,* 64 Wash. 511, 117 Pac. 265; *Bedolfe v. Bedolfe,* 71 Wash. 60, 127 Pac. 594; *State ex rel. Sheehan v. Reynolds,* 111 Wash. 281, 190 Pac. 321.

The prosecuting attorney admits in his brief that the motion is timely if made upon the first appearance of the moving party, but he contends that, under the circumstances in this case, the motion should have been made earlier. It is true that, when the justice of the peace, by directions of the appeal from that court, filed the transcript in the office of the clerk of the superior court, it constituted an appearance therein of the appellant for certain purposes, but not so within the purview of the statute for a change of the trial judge, any more than would the filing of a summons and complaint in a civil action; in which latter kind of case the plaintiff would not necessarily be required to file at once an affidavit of prejudice against the resident judge in order to disqualify such judge. In the present case, it will be borne in mind that, upon appeal to the superior court, the issue is to be tried without other or any pleadings than those in the justice of the peace court, unless otherwise directed by the superior court. Rem. Code, § 1915. There was no direction otherwise by the superior court in this case. It follows, we think, the motion was made upon the first appearance of appellant in the superior court, under the applicable rule. *State ex rel. Davis v. Superior Court,* 114 Wash. 335, 195 Pac. 25. Limiting the case to the facts and proceedings as shown in the record, the application for another judge to try the case was improperly denied.

The prosecuting attorney contends the act relating to disqualification of judges of the superior court has no application to criminal cases and that the judgment should be affirmed. It has been applied to criminal cases, apparently without any contention that such cases are not within the scope of the act; a course which seems to be fully justified by the terms of the

act, in both sections of which the words "any action or proceeding" are used, indicating a clear intention on the part of the legislature to cover criminal as well as civil actions.

Concluding that the judge who tried the case had been disqualified under the statutes by the affidavit of prejudice, the judgment is reversed with directions to the lower court to proceed in conformity with this opinion.                    °

PARKER, C. J., MAIN, TOLMAN, and MOUNT, JJ., concur.