[No. 17264. *En Banc*. June 11, 1923.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK L. CLARK, *Appellant*.[1]

VENUE (20)—CHANGE OF JUDGES—TIME FOR APPLICATION. In a criminal case, the motion for a change of judges, under Rem. Comp. Stat., §§ 209-1, 209-2, must be made before the court is called upon to make any ruling whatsoever in the case, and is waived if not made at the time the accused is called upon to plead and enters a plea of not guilty, whereupon the amount of the bail was fixed by the court (PARKER, FULLERTON, and HOLCOMB, JJ., dissenting).

Appeal from a judgment of the superior court for Chelan county, Grimshaw, J., entered December 31, 1921, upon a trial and conviction of a felony. Affirmed.

*Herman Howe*, for appellant.

*Sam R. Sumner* and *Frank Lebeck*, for respondent.

MACKINTOSH, J.—This is an appeal by the defendant, Clark, from a judgment of conviction rendered by the superior court for Chelan county, upon an information charging him with the commission of a felony of less degree than a capital offense, and involves the question whether the court erred in refusing to grant his

[1]Reported in 216 Pac. 17.

motion for a change of judge based upon his affidavit of prejudice filed in pursuance of the provisions of §§ 209-1 and 209-2, Rem. Comp. Stat. [P. C. §§ 8546, 8547.]

The facts are not in dispute. The information, on which the conviction of the defendant was had, was filed on November 20, 1921. A warrant of arrest was immediately issued and appellant taken into custody thereunder. There was no indorsement upon the warrant fixing the amount of bail, as contemplated by § 2079, Rem. Comp. Stat. [P. C. § 9177.] On December 2, 1921, appellant was brought before the court and arraigned, at which time he plead not guilty; the whole of the record of his plea and the then fixing of the amount of his bail being made as follows:

"This case being called in open court on above date. The defendant F. L. Clarke in answer to information read, entered plea of not guilty. Bond fixed in the sum of $1,500. So ordered."

On December 20, 1921, the prosecuting attorney served notice upon appellant's counsel that he would, on December 31, 1921, move the court to set the case for trial. On December 23d, eight days before the time so noted for the setting of the case for trial, appellant served upon the prosecuting attorney and filed his affidavit of prejudice against the resident judge, moving for a change of judge, and noted the motion for hearing on the day the prosecuting attorney had noted for hearing his motion to set the case for trial. The motion for change of judge was heard at the time appointed, and overruled; and there-upon the case was by the court set for trial, and subsequently tried before the judge against whom appellant's affidavit of prejudice had been filed.

The statute upon which the application is based (§§ 209-1 and 209-2, Rem. Comp. Stat.) [P. C. §§ 8546, 8547], when literally read, would seem to imply that the right granted could be invoked at any stage of proceedings before the entry of final judgment; but realizing that such a construction would make the statute an instrument capable of abuse and unduly hamper superior courts in the administration of justice, we held, soon after its enactment, that this was not the legislative intent; and that it was not intended to put within the power of a party to an action "to speculate upon what rulings the court will make on propositions that are involved in the case and, if the rulings do not happen to be in his favor, to then for the first time raise the jurisdictional question." *State ex rel. Lefebvre v. Clifford,* 65 Wash. 313, 118 Pac. 40. In later cases we held in substance that the application is timely made when made before the court is called upon to make a ruling in the case affecting the merits, or some ruling in response to a motion made in the case calling for the exercise of discretion. *State ex rel. Jones v. Gay,* 65 Wash. 629, 118 Pac. 830; *Fortson Shingle Co. v. Skagland,* 77 Wash. 8, 137 Pac. 304; *State ex rel. Deavers v. French,* 78 Wash. 260, 138 Pac. 869; *Nance v. Woods,* 79 Wash. 188, 140 Pac. 323; *State ex rel. Dunham v. Superior Court,* 106 Wash. 507, 180 Pac. 481.

The last expression by us upon the subject is found in *State ex rel. Davis v. Superior Court,* 114 Wash. 335, 195 Pac. 25, where we said:

"The point we wish to emphasize is that a motion for a change of judges supported by an affidavit of prejudice is timely made if filed and called to the attention of the court before it has made any ruling whatsoever in the case, either on the motion of the party making the affidavit or on the motion of any other

party to the action, of the hearing of which the party making the affidavit has been given notice, otherwise it is not timely made.''

The question before us is whether the situation disclosed by the record in this case is one that comes within the operation of the rule as announced in the *Davis* case, *supra*. As we have already indicated, the court has deviated somewhat from the literal reading of the statute in order to establish a workable procedure, and, having done that, it ill behooves the court to then proceed to modify the rule so that new confusion is introduced into the practice. We are determined to abide by the established rule and are satisfied that the facts in this case fall within it. When the defendant is called before the court for arraignment, the judge is then required either to make a ruling or exercise his discretion. It is unnecessary to detail the numerous situations that might arise upon such an occasion which would call for the court's action, and although in this case all that the court did was to fix bail (which might have been fixed *ex parte* before the arrest was made) and receive the plea of not guilty, still, the question of whether the affidavit was timely presented is not a question of what actually took place, but of what might have occurred.

In the interest of orderly procedure and conformity to the rule heretofore announced, we hold that the affidavit of prejudice should have been filed before the arraignment. Judgment affirmed.

MAIN, C. J., BRIDGES, TOLMAN, and PEMBERTON, JJ., concur.

MITCHELL, J., concurs in the result.

PARKER, J. (dissenting)—I cannot concur in the foregoing opinion. The restrictions thereby put upon the right to a change of judge under §§ 209-1 and 209-2, Rem. Comp. Stat. [P. C. §§ 8546, 8547], go much farther than any of our former decisions. The logic of the opinion, it seems to me, goes to the extent of holding, in substance, that a party desiring a change of judge upon this statutory ground must not only seek such change before the coming to hearing of some question to be decided by the judge, but must seek such change at the very inception of the case in the superior court, though that may be and generally is some considerable time before the judge may be called upon to decide any question arising upon a hearing. Until the time is reasonably near when the judge is so called upon to decide some question in the case, the party seeking the change should, under this statute, be accorded the right of such change. The only possibly sound theory upon which he can be denied such right is that he has waived it by undue delay in making his application. It is quite beyond me to understand how he can be considered as having unduly delayed in making his application when, as in this case, he has made his application several days before the case is set for trial, and there is nothing indicating that the judge will be called upon to decide any question arising in the case before the commencement of the trial. It seems to me that my brethren concurring in the foregoing opinion have lost sight of the nature and purpose of arraignment. That step in the progress of the case does not, and could not, call for the exercise of any discretion on the part of the trial judge, when the accused pleads not guilty.

Our statute does not define in terms what arraignment means, though it uses that word as one of the

steps in the progress of the case. Section 2093, Rem. Comp. Stat. [P. C. § 9151.] Therefore, that term as there used must mean the same as at common law; that is, first, the calling of the prisoner to the bar of the court, to the end that he be certainly identified; second, the reading to him of the indictment or information, to the end that he be informed of the charge against him; and third, the asking him to state whether he is guilty or not guilty. 1 Bouvier's Law Dictionary, Rawles Revision, p. 239. I cannot see that a plea of not guilty, entered in response to the arraignment, is a submitting to the then present judge of any question that may thereafter arise in the case, any more than the filing of an answer or a plea in a civil action would submit to the resident judge, or any other particular judge, subsequently arising questions. This appellant merely plead not guilty, and the question of the setting of the case for trial was one to be determined in the future; and several days before that question arose, appellant made his application for change of judge as prescribed by the statute.

Some contention is made in behalf of the state that appellant waived his right to a change of judge by asking the resident judge to fix the amount of bail he might give to secure his release pending the trial, but that, to my mind, is not the submitting to the trial judge of a question for his determination such as would constitute a waiver of appellant's right to a change of judge. Bail, in cases of the kind here in question, is a matter of absolute constitutional right, since the offense charged was not a capital one. Section 20, Art. I, of the Constitution. It is the duty of the judge to fix the amount of bail *ex parte* even before the arrest is made. Section 2079, Rem. Comp. Stat. [P. C. § 9177]. When he has not done so, upon having

his attention called to the fact that bail has not been fixed, it still is his duty to do so; nor does the law contemplate a hearing on the question. In the instant case, no motion on the part of the state, or of appellant, was necessary to require such action on the part of the judge; nor does the record before us disclose any such motion as having been made.

If it is true, as seems to be conceded by statements in the briefs of counsel, but which the record does not show, that appellant did in this instance request the court to fix bail, that fact, I think, would not be a waiver of his right to make application for a change of judge to hear all questions that might thereafter arise in the case. It must be remembered that the right here claimed by appellant is a statutory right; that the legislature has not fixed a time prior to the final disposition of the case within which it cannot be made; and that the limitations imposed upon the right are limitations imposed by the court to prevent the right from becoming an obstruction to public justice, in harmony with what the court conceived to be the legislative intent. Further than this, we think this court has not gone in its previous decisions. If appellant shall be held to have waived his plain, statutory right to a change of judge by submitting to the resident judge the question of the fixing of bail, then he might have to await the coming of another judge for the performance of that duty for an indefinite period in order to secure that right, and remain under arrest during that period in order to prevent waiving such right. This, we think, would be compelling him to forego a constitutional right for at least some period of time in order to obtain his statutory right to a change of judge. Appellant should not be put in any such position. We think it would be highly inequitable to compel an ac-

cused to forego in any degree or for any period his clear, constitutional right of being immediately admitted to bail following his arrest, in order to save his right to a change of judge, upon the filing of a proper affidavit of prejudice against the judge who is about to proceed with the case. Appellant, I think, was clearly entitled to the change of judge applied for by him. Such, it seems to me, is the clear command of the statute, and we have no right to ignore that command.

FULLERTON and HOLCOMB, JJ., concur with PARKER, J.