[No. 24129. Department Two. December 20, 1932.]

THE STATE OF WASHINGTON, *Respondent*, v. LEONARD FUNK, *Appellant*.[1]

[1]Reported in 17 P. (2d) 11.

*Wilson C. Gresham,* for appellant.

*Ferd J. Schaaf,* for respondent.

BEALS, J.—Leonard Funk was charged jointly with one Louis Nugent with the crime of bootlegging. Defendant was tried alone, and was found guilty of the lesser included offense of unlawful possession of intoxicating liquor. His motion in arrest of judgment or in the alternative for a new trial having been denied, from a judgment of guilty and sentence thereon, defendant appeals.

Appellant relies upon two propositions, in connection with which he contends the trial court erred to his prejudice. He was arrested on or about September 2, 1931, the information against him was filed on the 24th of the same month, and he was arraigned October 29 following. At the time of his arraignment; appellant requested delay, and the matter was continued until the next day, when appellant appeared with counsel and pleaded not guilty.

Appellant was admitted to bail, and November 3 his case was set for trial for November 27. Honorable William C. Brown was at the time judge of the superior court for Okanogan county, and was the only judge of the superior court for that county. Prior cases having run over the day appellant's case was set for trial, on the afternoon of that day, appellant's counsel stated to Judge Brown that appellant desired to file an affidavit of prejudice against Judge Brown for the purpose of obtaining a trial before another judge. A written motion supported by affidavit was filed on the date last mentioned, and the next day was served on the prosecuting attorney. A further affidavit was filed November 30, whereupon the matter was presented to

the trial court, which, after argument, denied appellant's motion upon the ground that the same had not been timely made.

█ Rem. 1927 Sup., § 209-2, reads as follows:

"Any party to or any attorney appearing in any action or proceeding in a superior court, may establish such prejudice by motion, supported by affidavit that the judge before whom the action is pending is prejudiced against such party or attorney, so that such party or attorney cannot, or believes that he cannot, have a fair and impartial trial before such judge: *Provided,* That such motion and affidavit is filed and called to the attention of the judge before he shall have made any ruling whatsoever in the case, either on the motion of the party making the affidavit, or on the motion of any other party to the action, of the hearing of which the party making the affidavit has been given notice, and before the judge presiding has made any order or ruling involving discretion, but the arrangement of the calendar, the setting of an action, motion or proceeding down for hearing or trial, the arraignment of the accused in a criminal action or the fixing of bail, shall not be construed as a ruling or order involving discretion within the meaning of this proviso: *And provided, further,* That no party or attorney shall be permitted to make more than one such application in any action or proceeding under this act."

Appellant relies upon the foregoing section of the statute, together with the opinion of this court in the case of *State v. Vanderveer,* 115 Wash. 184, 196 Pac. 650. By the section of the statute above quoted, which amended the prior law, the rule laid down by this court in the case of *State v. Clark,* 125 Wash. 294, 216 Pac. 17, was abrogated. We are satisfied, however, that, under the existing statute, a motion for a change of judge, based upon the statutory affidavit of prejudice, must, under the present practice, be seasonably filed, and that what should be held to be a seasonable filing of such a motion depends upon all the circumstances of

the particular case. This court has many times held that such an application must be timely made. Cases to this effect are hereinafter referred to, and the following are also in point: *State ex rel. Russell v. Superior Court*, 77 Wash. 631, 138 Pac. 291; *Fortson Shingle Co. v. Skagland*, 77 Wash. 8, 137 Pac. 304; *Nance v. Woods*, 79 Wash. 188, 140 Pac. 323; *State ex rel. Farmer v. Bell*, 101 Wash. 133, 172 Pac. 221.

In the case of *State v. Vanderveer, supra*, which was originally tried before a justice of the peace, the defendant having appealed to the superior court from an adverse judgment, it appears that the affidavit of prejudice and the motion based thereon for a change of judge were filed at the time the defendant made his first appearance in the superior court. This court, in holding that the affidavit of prejudice was seasonably filed, expressly limited the effect of its ruling to the facts and proceedings appearing in the record then presented.

In the case at bar, appellant was charged by information filed in the superior court, and was before that court arraigned, and by it admitted to bail. Giving full effect to the statute above quoted, and holding, therefore, that neither the arraignment of appellant, the fixing of his bail, nor the setting of the case for trial, constituted such steps in the proceeding as prevented appellant from filing his affidavit of prejudice, we are still of the opinion that appellant's motion for a change of judge was not seasonably made.

An affidavit of judicial prejudice might well be held timely filed, if presented in a county having two or more judges, but held too late, if filed in a county having one judge only. The rule of reason should be applied in such a case, and if, under the circumstances here shown, a defendant can allow his case to be set for trial, and then, immediately before the case is

ready to be called, swear off the bench the judge before whom he at all times must have assumed he was to be tried, the course of justice will be greatly delayed without any valid reason, and the counties will be put to great expense in connection with the calling of jurors, etc. If, under such circumstances, a defendant should find, when he presents himself for trial, that the court is presided over by some judge other than the regular judge, a different case would be presented, but such is not the case here.

In the early case of *State ex rel. Nelson v. Yakey,* 64 Wash. 511, 117 Pac. 265, when the statute providing for the filing of an affidavit of prejudice against a trial judge was first considered, this court said:

"This statute is novel and introduces a new rule of practice. Like almost all instruments designed for protection, the statute may be subject to abuse. We feel warranted, therefore, in saying that we are not disposed to give it a construction that will operate to defeat or delay the progress of a case in those counties where there is but one judge."

This court, speaking through Judge Dunbar, in the case of *State ex rel. Lefebvre v. Clifford,* 65 Wash. 313, 118 Pac. 40, referring to the statute here in question, said:

"But the spirit and reason of the law must be regarded, and it was the evident intention of the legislature that this objection should be made orderly and in time, to the end that there should be no undue interference with the administration of justice. . . ."

In the case of *State ex rel. Beeler v. Smith,* 76 Wash. 460, 136 Pac. 678, this court, speaking through Judge Gose, indicated that a rule of the superior court which might be unreasonable when applied to a situation arising in a county where there were two or more judges of the superior court, might receive a different construction if applied under other circumstances.

This principle was recognized in the case of *State v. Clark,* 125 Wash. 294, 216 Pac. 17, in which attention was called to the fact that this court had, in construing the law now under consideration, departed somewhat from the literal reading of the statute in order to establish a workable procedure.

We are clearly of the opinion that appellant's motion for a change of judge was not timely filed, and that the trial court did not err in denying the same.

■ In the next place, appellant contends that the trial court erred in overruling his motion to suppress certain evidence. It appears that the sheriff of Okanogan county had received information to the effect that appellant was going to transport some liquor in his automobile. The sheriff concealed himself and waited for appellant's arrival, and, upon his appearance, driving his car in which was riding one Nugent, the sheriff followed them, and when appellant stopped, the sheriff appeared upon the scene and took charge.

The sheriff testified that he noticed what appeared to be bottles inside Nugent's shirt, and he thereupon searched Nugent and took from him three pint bottles full of intoxicating liquor. The sheriff then went around the car to its left side where appellant was disembarking, whereupon another bottle, partly filled with liquor, fell to the ground. The sheriff testified that appellant picked up this bottle and handed it to the sheriff, saying, "Here's this too; I won't hold out anything on you," or words to that effect. When, on appellant's trial, the four bottles of intoxicating liquor were offered in evidence, appellant moved to suppress the same, and assigns as error the ruling of the trial court denying his motion.

The motion was properly denied. In the first place, three of the bottles, those taken from Nugent's person,

were not found by any search of appellant or his property. *State v. Ditmar,* 132 Wash. 501, 232 Pac. 321; *State v. Vennir,* 159 Wash. 58, 291 Pac. 1098. Whether or not this evidence should have been suppressed on Nugent's motion, in case of his being tried for any offense in connection therewith, is a question with which we are not now concerned. As to the other bottle partially filled with liquor, it does not appear that the same came into the custody of the sheriff through any search at all, it having been handed to the sheriff by appellant himself. No contention is made that the evidence was incompetent, irrelevant or immaterial, and that question is not before us.

In any event, the motion to suppress was filed too late. Appellant excuses his delay, arguing that he did not know until the liquor was offered in evidence against him that the state would attempt to introduce the same as exhibits. Appellant, however, knew that, at the time of the arrest, the sheriff had taken possession of the intoxicating liquor and had possession thereof. This court has many times held that a motion to suppress evidence must be seasonably urged. *State v. Dersiy,* 121 Wash. 455, 209 Pac. 837, 215 Pac. 34; *State v. Smathers,* 121 Wash. 472, 209 Pac. 839, 215 Pac. 35; *State v. McCormick,* 127 Wash. 288, 220 Pac. 808; *State v. Nilnch,* 131 Wash. 344, 230 Pac. 129; *State v. Beaupre,* 149 Wash. 675, 272 Pac. 26; *State v. Ryan,* 163 Wash. 496, 1 P. (2d) 893. In the case of *State v. Pielow,* 141 Wash. 302, 251 Pac. 586, a state of facts was presented quite similar to that now before us, this court holding that, upon the facts appearing in the case cited, a motion to suppress came too late.

This case is before us on a bill of exceptions, appellant relying only upon the two errors above referred to.

The trial court did not err in either of the rulings of which appellant complains, and the judgment appealed from is accordingly affirmed.

TOLMAN, C. J., MAIN, and STEINERT, JJ., concur.

